TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com
(Motion for Admission as Visiting Attorney Pending)

MITCHELL & SHEAHAN, P.C.
Gary Phelan (CT 03670)
80 Ferry Blvd., Suite 216
Stratford, CT 06615
Tel. (203) 873-0240
Email: gphelan@mitchellandsheahan.com

*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiffs*

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **Case No:** |
| **DISTRICT OF CONNECTICUT** | |

-------------------------------------------------------------x

GUI ZHEN ZHU,
*on behalf of herself and others similarly situated*
                                                    Plaintiff,

                        v.

MATSU CORP
          d/b/a Matsu;
MATSU GRILL CO. LLC,
          d/b/a Matsuri;
KIMMING MARTY CHENG, and
ZIQIAO CAO a/k/a Michael Cao,

                                        Defendants.

-------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**
**COMPLAINT**

        Plaintiff GUI ZHEN ZHU (hereafter referred to as "Plaintiff"), on behalf of herself and

other similarly situated, by and through her attorneys, Troy Law, PLLC, and Mitchell &

Sheahan, P.C., hereby bring this complaint against Defendants MATSU CORP d/b/a Matsu;

1

MATSU GRILL CO. LLC, db/a Matsuri; KIMMING MARTY CHENG, ZIQIAO CAO a/k/a

Michael Cao, and alleges as follows:

### INTRODUCTION

1.      This action is brought by Plaintiff, on behalf of herself as well as other similarly situated employees, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-68 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and CMWA by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage, overtime compensation for all hours worked over forty (40) each workweek.

3.      Defendants refused to record all of the time that Plaintiff and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4.      Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) automobile and gas expenses, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86, that she is entitled to recover from the Defendants: (1) double unpaid minimum wages, (2) double unpaid overtime compensation, (3) post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. Section 1331 because it raises questions under the FLSA.

7.      This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367(a) under the doctrine of supplemental jurisdiction.

8.      Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

9.      Plaintiff GUI ZHEN ZHU ("ZHU") was employed by MATSU CORP d/b/a Matsu, located at 33 Jesup Road, Westport, CT 60880 as a packer.

## DEFENDANTS

### *Corporate Defendants*

10.     Defendant MATSU CORP d/b/a Matsu is a domestic business corporation organized under the laws of the State of Connecticut with its principal place of business in Greenwich, Connecticut with its principal address at 33 Jesup Road, Westport, CT 60880.

11.     MATSU CORP d/b/a Matsu is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.     MATSU CORP d/b/a Matsu purchased and handled goods moved in interstate commerce.

3

13.     Defendant MATSU GRILL CO. LLC, d/b/a Matsuri is a domestic business corporation organized under the laws of the State of Connecticut with its principal place of business in Greenwich, Connecticut with its principal address at 390 Boston Post Rd, Darien, CT 06820.

14.     MATSU GRILL CO. LLC, d/b/a Matsuri is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15.     MATSU GRILL CO. LLC, d/b/a Matsuri purchased and handled goods moved in interstate commerce.

16.     The Corporate Defendants that do business as MATSU CORP d/b/a Matsu and MATSU GRILL CO. LLC, d/b/a Matsuri are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as the two establishments share employees, including deliverymen who are required to deliver for both restaurants, regardless of which store the customers ordered from, while paying these employees from their respective Corporate Defendant employers, and same ownership and management by Owner/ Operator Defendants.

17.     At all times relevant herein, MATSU CORP d/b/a Matsu and MATSU GRILL CO. LLC, d/b/a Matsuri was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

***Owner/ Operator Defendants***

18.     Owner/ Operator Defendant KIMMING MARTY CHENG, known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

19.     "Boss" KIMMING MARTY CHENG decided which day Plaintiff worked and had off, and what hours she should work per day and per week.

20.     Upon personal knowledge of Plaintiff, Owner/ Operator Defendant KIMMING MARTY CHENG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and the regulations thereunder, and is jointly and severally liable with MATSU CORP d/b/a Matsu and MATSU GRILL CO. LLC, d/b/a Matsuri.

21.     Owner/ Operator Defendant ZIQIAO CAO a/k/a Michael Cao, known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

22.     "Boss" ZIQIAO CAO a/k/a Michael Cao decided which day Plaintiff worked and had off, and what hours she should work per day and per week.

23.     Upon personal knowledge of Plaintiff, Owner/ Operator Defendant ZIQIAO CAO a/k/a Michael Cao acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and the regulations thereunder, and is jointly and severally liable with MATSU CORP d/b/a Matsu and MATSU GRILL CO. LLC, d/b/a Matsuri.

24.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

25.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

26.     From November 2012 to February 29, 2016, Plaintiff GUI ZHEN ZHU worked as a packer for MATSU CORP d/b/a Matsu, located at 33 Jesup Road, Westport, CT 60880 as a packer.

27.     At all relevant times, Plaintiff GUI ZHEN ZHU's regular work schedule ran from:

   a. 10:40 to 22:00 for eleven and a third hour (11.33) hours a day on Tuesdays through Friday, with a one (1) hour break from between 15:00 to 16:00 or between 16:00 and 17:00;

   b. 11:40 to 23:00 for eleven and a third (12.33) hours a day on Saturdays, with a one (1) hour break from between 15:00 to 16:00 or between 16:00 and 17:00; and

   c. 11:40 to 22:00 for ten and a third (10.33) hours a day on Sundays, with no break.

28.     When Plaintiff GUI ZHEN ZHU began her job as a packer, she had Sundays off.

29.     Later on, Plaintiff GUI ZHEN ZHU had Monday off instead.

30.     On average, Plaintiff GUI ZHEN ZHU worked for sixty two (62) hours a week.

31.     In addition, Plaintiff GUI ZHEN ZHU was required to come in two (2) to three (3) times a week for an extra one (1) or two (2) hours in the morning when it is a "big order" day.

32.     On average, she would come in from 09:30 to 10:40 for one (1) hour and ten (10) minutes.

33.     As a result, on average, Plaintiff would work an additional three (3) hours per week.

34.     Thus, at all relevant times, Plaintiff worked approximately sixty five (65) hours per week.

35.    At all relevant times, Plaintiff had two (2) meals each workday, at around 14:30 for lunch. However, the lunch hour was not fixed, and if an order arrives, Plaintiff was required to pack.

36.    At all relevant times, Plaintiff was paid a flat compensation of two thousand dollars ($2,000) every month, one thousand dollars ($1,000) of which is paid in cash and the other one thousand dollars ($1,000) paid in check, in two installments, once at the beginning and the second time at the middle of the month.

## COLLECTIVE ACTION ALLEGATIONS

37.    Plaintiff brings this action individually and as class representative and on behalf of all other and former non-exempt personnel who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) hours per week who elect to opt in to this action (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

38.    Plaintiff brings her CMWA claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period") except those who elect to opt out of this action.

39.    All said persons, including Plaintiff, are referred to herein as the "Class."

40.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

41.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

42.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiff and the Class within the meaning of the Connecticut law;

b.      Whether Plaintiff and Class members are entitled to and paid minimum wage and overtime under the CMWA;

c.      At what common rate, or rates subject to common method of calculation were Defendants required to pay the Class members for their work;

8

*Typicality*

43.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

44.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

45.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class

9

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

46.     Upon information and belief, Defendants and other employers throughout the state violate the Connecticut Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS
### COUNT I.
### FLSA Overtime Violations
### On Behalf of the Plaintiff and the FLSA Collective

47.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48.     This claim is brought individually on behalf of the named plaintiff as well as on behalf of the FLSA Collective.

49.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and similarly situated collective action members for all hours worked in excess of forty hours per week at the rate of one and one-half times the regular hourly rate.

50.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation and an additional equal amount as liquidated damages, attorneys' fees, and costs.

51.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members for overtime at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### CMWA Minimum Wage Violations
### On Behalf of Plaintiff and Rule 23 Class

52.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

53.     This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

54.     Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay minimum fair wage for all hours worked in violation of Conn. Gen. Stat. §31-62.

55.     Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by unlawfully deducting from employees' minimum fair wage by requiring delivery employees to pay out of pocket for gasoline and automobile expenses in violation of Conn. Gen. Stat. §31-62-E7.

56.     Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

57.     Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

58.     Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to compensation for all hours worked at the full minimum wage, penalty damages, interest, and court costs.

59.     Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid the full fair minimum wage for all hours worked, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at the full fair minimum wage, penalty damages, attorneys' fees, and court costs.

## COUNT III.
### CMWA Overtime Violations
### On Behalf of Plaintiff and Rule 23 Class

60.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

61.     This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

62.     Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of Conn. Gen. Stat. §31-76c.

63.     Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violations of Conn. Gen. Stat. §31-13a.

64.     Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

65.     Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to overtime compensation for all hours worked in excess of forty per week at one and one-half times the regular rate, penalty damages, interest, and court costs.

66.     Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their overtime compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one and one-half times the regular rate, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to

compensation for all hours worked at one and one-half times the regular rate, penalty damages, attorneys' fees, and court costs.

## COUNT IV.
### [Violation of Connecticut General Statute —Failure to Provide Meal Periods Brought on behalf of Plaintiff and Rule 23 Class]

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. The Connecticut General Statutes, Title 31, Chapter 557, Section 31-51ii(a) requires that employees provide: at least thirty consecutive minutes for a meal that shall be given at some time after the first two hours of work and before the last two hours for any person working for seven and one-half or more consecutive hours.

69. Defendants failed to provide meal periods required by Connecticut General Statute for every day that Plaintiffs and all other members of the Connecticut Class work or worked.

70. Defendants' failure to provide the meal periods required by Connecticut General Statute was not in good faith.

## COUNT V.
### [Violation of Connecticut General Statute—Record-Keeping Requirements Brought on behalf of Plaintiff and Rule 23 Class]

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. Defendants did not maintain, establish and preserve, for Plaintiff and for all other members of the Connecticut Class, weekly payroll records for a period of not less than three years, as required by CGS § 31-66.

73. As a result of Defendants' unlawful conduct, Plaintiff and all other members of the

14

Connecticut Class have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

74. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and all other members of the Connecticut Class in order to facilitate their exploitation of the labor of Plaintiff and and all other members of the Connecticut Class.

75. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and all other members of the Connecticut Class was not in good faith.

## COUNT VI.
### [Violation of Connecticut General Statute—Paystub Requirements Brought on behalf of Plaintiff and Rule 23 Class]

76. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77. Defendants did not furnish records of hours worked, wage earned and deduction to Plaintiff and all other members of the Connecticut Class with each payment, as required by CGS § 31-13a.

78. As a result of Defendants' unlawful conduct, Plaintiff and all other members of the Connecticut Class have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

79. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and all other members of

the Connecticut Class in order to facilitate their exploitation of Plaintiffs' labor.

80. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and all other members of the Connecticut Class was not in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and the CMWA;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage, overtime wages, and unreimbursed business expenses, including out-of-pocket costs sustained by Plaintiffs and similarly situated drivers in the purchase, maintenance and repair of their motor vehicles as drivers in direct service of Defendant Corporations, under FLSA and CMWA, due Plaintiff and the Collective Action members;

g) An award of liquidated damages under the FLSA;

h) An award of penalty damages under the CMWA;

i) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation, and unreimbursed business expenses pursuant to 29 U.S.C. §216;

j) The cost and disbursements of this action;

k) An award of reasonable attorneys fees;

l) An award of prejudgment and post-judgment interest; and

m) On all claims for relief, such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: February 2, 2018
Stratford, CT

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and Proposed Class Plaintiffs*
By: _____/s/ John Troy_____
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com
(Motion for Admission as Visiting Attorney
Pending)

MITCHELL & SHEAHAN, P.C.
Gary Phelan (CT 03670)
80 Ferry Blvd., Suite 216
Stratford, CT 06615
Tel. (203) 873-0240
Email: gphelan@mitchellandsheahan.com