UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUI ZHEN ZHU, and<br>RONG JIAO YIN,<br>*on their own behalf and on behalf of others similarly situated*<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>MATSU CORP d/b/a Matsu; and<br>MATSU GRILL CO. LLC, d/b/a Matsuri and;<br>KIMMING MARTY CHENG, and<br>ZIQIAO CAO a/k/a Michael Cao,<br><br>　　　　　　Defendants. | 3:18-cv-203 (CSH)<br><br><br>**JANUARY 29, 2020** |

### RULING ON DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW

**HAIGHT, Senior District Judge:**

By Order dated January 2, 2020 ("Order"), the Court granted Plaintiffs' motion to conditionally certify an FLSA collective action against Defendants Matsu Corp d/b/a Matsu, Matsu Grill Co. LLC, d/b/a Matsuri, Kimming Marty Cheng, and Ziqiao Cao a/k/a Michael Cao (collectively "Defendants"). *See* Doc. 59. To facilitate notice of the collective action to potential opt-in plaintiffs, the Order directed Defendants to produce, by January 17, 2020, a list containing information regarding all non-exempt employees employed by Defendants during the relevant time period. *See id.* The parties were also directed to submit for the Court's approval a jointly revised Notice of Pendency and Consent Form by January 17, 2020. *Id.*

1

Defendants have evidently failed to produce a list containing information regarding their non-exempt employees by January 17, 2020, as required by the Order. *See* Docs. 61, 62. Rather, on January 17, 2020, Attorney Anne C. LeVasseur, the only remaining counsel of record for Defendants, moved to withdraw her appearance in this action, on the grounds that she is no longer employed with Lennon, Murphy & Phillips, LLC, a law firm originally retained by Defendants as local counsel alongside the now-terminated Xue & Associates, P.C. *See* Doc. 60; *see also* Docs. 55, 55-2, 57.

Notably, on November 7, 2019, the Court granted a motion to withdraw by Attorney LeVasseur's former colleague, Attorney Kevin J. Lennon of Lennon Murphy & Phillips, finding that good cause for withdrawal existed because Defendants rendered the representation unreasonably difficult by failing to pay the accrued legal fees and cooperate with counsel. *See* Doc. 57.[1] As no motion to withdraw was filed by Attorney LeVasseur at the time, the Court expressly noted in its November 7, 2019 Order that "Attorney Anne Casey LeVasseur of Wilson Elser Moskowitz Edelman & Dicker LLP continues to represent Defendants in this matter." *Id.*

Attorney LeVasseur, however, now contends that she has not represented Defendants since she left Lennon, Murphy & Phillips in March 2019 and alleges that Wilson Elser Moskowitz Edelman & Dicker LLP has no involvement in the instant litigation and was never retained by Defendants. *See* Doc. 62. If Attorney LeVasseur's motion is granted, Defendants will find themselves unrepresented pending retainment of successor counsel.

In response to Attorney LeVasseur's motion to withdraw, Plaintiffs immediately filed an

---

[1] As part of the same order, the Court also granted an identical motion to withdraw by Attorney Benjamin Xue of Xue & Associates, P.C. *See* Doc. 57.

opposition arguing that the motion should not be granted until Defendants comply with the January 2, 2020 Order and produce a list containing information regarding all non-exempt employees employed by Defendants during the relevant time period. *See* Doc. 61. Without the benefit of such list, Plaintiffs cannot identify and give notice of the collective action to all potential opt-in plaintiffs. *See id.* Alternatively, should the Court grant Attorney LeVasseur's motion to withdraw, Plaintiffs request that the statute of limitations in this action be equitably tolled pending appearance of Defendants' successor counsel to avoid prejudice to potential opt-in plaintiffs and extinguishment of their FLSA claims. *See id.*

## DISCUSSION

District courts have broad discretion in deciding motions for withdrawal of counsel. *See Yachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999)). Pursuant to Local Rule 7(e), "[w]ithdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." D. Conn. L. Civ. R. 7(e). Even "[i]n cases where the party has failed to engage other counsel," the court may still grant counsel's motion to withdraw if "good cause" for withdrawal exists and counsel has given appropriate "notice" to the party. *See id.*; *see also* D. Conn. R. Prof. Cond. 1.16(b)(7) (permitting a lawyer to withdraw from representation where, among other reasons, "good cause for withdrawal exists"). An appropriate notice should explain to the party "that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a

3

dismissal or default being entered against the party." *See* D. Conn. L. Civ. R. 7(e)*.*

Corporate entities cannot proceed *pro se* in federal court but must be represented by counsel. *See, e.g.*, *Sanchez v. Walentin*, 526 Fed. Appx. 49, 51 (2d Cir. 2013) (citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread.")); *Bell v. South Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

In the instant case, because the lead Defendants are corporate entities, they cannot proceed *pro se* but must be represented by counsel. Nevertheless, Local Rule 7(e) expressly contemplates that a motion to withdraw may be granted even "[i]n cases where the party has failed to engage other counsel" or personally appear—provided that "good cause" for withdrawal exists and counsel has given appropriate notice to the party. *See* D. Conn. L. Civ. R. 7(e). While Attorney LeVasseur has alleged that good cause for her withdrawal exists because she is no longer employed by the law firm that Defendants retained as counsel in this litigation, Attorney LeVasseur has made no showing that she gave Defendants actual notice of her intention to withdraw, such as by mailing a copy of her motion to Defendants. *Cf. Dunagain v. Bristol Hospital, Inc.*, 2018 WL 4697287, at *1 (D. Conn. Jan. 22, 2018) (counsel gave the plaintiff adequate notice of his intention to withdraw where counsel "sent the plaintiff a copy of the motion to withdraw and a notice of motion to withdraw . . . by certified mail, return receipt requested," as evidenced by counsel's court filings). Because Attorney LeVasseur has not given Defendants actual notice of her motion to withdraw, the Court cannot grant her motion at this time—especially in light of the fact that Attorney LeVasseur is Defendants' last remaining

counsel of record and corporate entities may not proceed *pro se*.

Nevertheless, the Court is mindful and understanding of the fact that Attorney LeVasseur has never been personally retained by Defendants as counsel and only represented Defendants until March 2019 in her capacity as an employee of Lennon, Murphy & Phillips. Given that Attorney LeVasseur has had no contact with Defendants for almost a year and is now employed with a different law firm that has had no role in the present litigation, it would be neither reasonable nor fair to force Attorney LeVasseur to actively litigate this case on behalf of Defendants—even despite her failure to timely file a motion to withdraw. For this reason, the Court stays this action pending the filing of a notice of appearance by Defendants' successor counsel. Defendants must cause successor counsel to file a notice of appearance on or before February 28, 2020. Attorney LeVasseur may then renew her motion to withdraw her appearance, provided that she gives actual notice to Defendants of her motion to withdraw.

Additionally, because Defendants, as corporate entities, would not be able to comply with the January 2, 2020 Order and produce a list containing information regarding the non-exempt employees until they are represented by successor counsel, the deadline for Defendants to do so is extended until March 13, 2020.

The Court now considers Plaintiffs' request that the statute of limitations be tolled pending the stay of the action. *See* Doc. 61. Plaintiffs argue that they would be prejudiced if Defendants are allowed more time to produce a list containing information regarding their non-exempt employees because, without such list, Plaintiffs cannot identify and give notice of the collective action to all potential opt-in plaintiffs. Plaintiffs contend that the delay in giving notice to potential plaintiffs would cause prejudice to the collective class because the statute of

5

limitations on the potential plaintiffs' claims continues to run until they affirmatively opt in the collective action. *See id.*

Indeed, in an FLSA collective action, the statute of limitations[2] continues to run with respect to each potential plaintiff's claim until that plaintiff files a "written consent" form opting in the suit. *See* 29 U.S.C. § 256; *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 181 (D. Conn. 2010); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198–99 (S.D.N.Y. 2006) ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"). The filing of the complaint by the named plaintiff does not toll the statute of limitations as to each opt-in plaintiff's claim because plaintiffs' written consents "do not relate back to the original filing date of the complaint." *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citing *ABC Carpet*, 236 F.R.D. at 198–99); *see also Aros*, 269 F.R.D. at 181 (acknowledging that the written consent requirement "is not satisfied by the filing of the complaint itself"); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (noting that "the statute of limitations for each plaintiff runs when he or she files written consent with the court electing to join the lawsuit, not when the named plaintiff files the complaint").

However, courts have discretion to equitably toll the limitations period in appropriate cases in order "to avoid inequitable circumstances." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012). "Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." *Iavorski v. I.N.S.*, 232 F.3d 124, 129 (2d. Cir. 2000) (internal quotation marks and alterations omitted).

---

[2] In the instant case, because Plaintiffs allege that Defendants willfully violated the FLSA, the applicable statute of limitations period is three years. *See Aros*, 269 F.R.D. at 181; *Marcus v. Am. Contract Bridge League*, 254 F.R.D. 44, 49 (D. Conn. 2008).

Generally, plaintiffs seeking equitable tolling must establish two elements: (1) that they have been diligent in pursuing their rights, and (2) that some extraordinary circumstance stood in their way." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *accord Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (noting that the extraordinary circumstance must have "prevented timely filing"). To do so, plaintiffs must establish that the delay in exercising their rights was "beyond their control," due to an "external obstacle to timely filing." *See Menominee Indian Tribe of Wis. v. United States*, 136 S.Ct. 750, 756 (2016) (internal quotation marks omitted). Plaintiffs "whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the . . . understandable delays in rulings." *McGlone*, 867 F. Supp. 2d at 445 (allowing equitable tolling on potential opt-in plaintiffs' claims due to the delay in granting conditional certification and notice to the opt-in plaintiffs); *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740 (AT), 2015 WL 260436, at *6 (S.D.N.Y. Jan. 20, 2015) (same).

In the instant case, Plaintiffs have been diligent in seeking collective action certification in order to provide prompt notice to potential opt-in plaintiffs. Plaintiffs, who have timely revised and submitted Notice of Pendency and Consent Form on January 17, 2020 as required by the January 2, 2020 Order (*see* Docs. 61-1; 61-2), were ready and willing to immediately send notice to potential opt-in plaintiffs, as they were mindful of the fact that the statute of limitations continues to run on the potential plaintiffs' claims until they affirmatively opt in the collective action. However, Plaintiffs cannot ascertain and distribute notice to all potential opt-in plaintiffs without a list containing information regarding all non-exempt employees employed by Defendants during the relevant time period—a list, which Defendants have failed to timely

7

produce due to the breakdown of their relationship with counsel. The Court's decision to stay the instant litigation pending the appearance of Defendants' successor counsel and extend Defendants' deadline to produce a list of their non-exempt employees until March 13, 2020 is certainly a circumstance beyond Plaintiffs' control. *See Menominee Indian Tribe of Wis.*, 136 S.Ct. at 756. Potential opt-in plaintiffs whose FLSA claims might be rendered untimely because of the delay caused entirely by Defendants and their counsel will be prejudiced if the statute of limitations is not tolled pending the appearance of Defendants' successor counsel. Because Plaintiffs and their counsel have been "diligently and timely pursuing the claims" they "should . . . not be penalized due to the . . . understandable delays" in litigation. *See McGlone*, 867 F. Supp. 2d at 445. Accordingly, the Court tolls the statute of limitations in this collective action from the date of this Ruling until March 13, 2020—the date corresponding to Defendants' deadline to comply with the January 2, 2020 Order. *See Yahraes v. Rest. Assocs. Events Corp.*, No. 10–CV–935 (SLT), 2011 WL 844963, at *2–3 (E.D.N.Y. Mar. 8, 2011) (tolling FLSA statute of limitations period pending the stay of the litigation and the re-filing of the plaintiffs' certification motion).

## CONCLUSION

For the foregoing reasons, Attorney LeVasseur's motion to withdraw her appearance as Defendants' counsel (Doc. 60) is DENIED without prejudice.

Pending the filing of a notice of appearance by Defendants' successor counsel, all proceedings in this action are STAYED. Defendants must cause successor counsel to file a notice of appearance in this action on or before **February 28, 2020**.

The deadline for Defendants to comply with the January 2, 2020 Order and produce a list

containing information regarding the non-exempt employees employed by Defendants during the relevant time period is extended until **March 13, 2020**.

The statute of limitations in this collective action is TOLLED from the date of this Order until **March 13, 2020**.

It is **SO ORDERED**.

Dated: January 29, 2020
New Haven, Connecticut

   */s/ Charles S. Haight, Jr.*

CHARLES S. HAIGHT, JR.
Senior United States District Judge