UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUI ZHEN ZHU, and<br>RONG JIAO YIN,<br>*on their own behalf and on behalf of others similarly situated*<br><br>    Plaintiffs,<br>v.<br><br>MATSU CORP d/b/a Matsu; and<br>MATSU GRILL CO. LLC, d/b/a Matsuri and;<br>KIMMING MARTY CHENG, and<br>ZIQIAO CAO a/k/a Michael Cao,<br><br>    Defendants. | 3:18-cv-203 (CSH)<br><br><br>**MARCH 2, 2020** |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

Pursuant to the January 29, 2020 Order, Defendants were required to cause successor counsel to file a notice of appearance in this action on or before February 28, 2020. *See* Doc. 63. Defendants have failed to abide by that deadline. The Court will extend the time within which Defendants' successor counsel must appear to and including **March 13, 2020**, the date by which Defendants must also produce an employee list mandated by the Court's January 2, 2020 Order. *See* Doc. 63; Doc. 59.

In the event that Defendants fail to retain successor counsel or produce an employee list on or before March 13, 2020, the Court will note Defendants' default and failure to comply with the January 2, 2020 and January 29, 2020 Orders and permit Plaintiffs to file a motion for a

1

default judgment or seeking to hold Defendants in contempt, or for any other relief to which Plaintiffs deem they are entitled. *See Grace v. Bank Leumi*, 443 F.3d 180, 192 (2d Cir. 2006) ("it is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55") (internal citations omitted); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011) (directing the Clerk to enter a default pursuant to Rule 55(a) where the defendant "has taken no steps" to retain new counsel as required by the court's order and thus failed to defend the action); *see also Paramedics Electromedicina Comercial Ltd. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) ("A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.").

It is **SO ORDERED**.

**Dated**: March 2, 2020
New Haven, Connecticut

      */s/ Charles S. Haight, Jr.*

CHARLES S. HAIGHT, JR.
Senior United States District Judge