**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
-------------------------------------------------------------------x
GUI ZHEN ZHU,
*on behalf of themselves and others similarly situated,*
                      Plaintiffs,

                v.

MATSU CORP
     d/b/a Matsu,
MATSU GRILL CO. LLC
     a/k/a Matsuri,
KIMMING MARTY CHENG, and
ZIQIAO CAO
     a/k/a Michael Cao,
                      Defendants.
-------------------------------------------------------------------x

No. 18-cv-00203 (CSH)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PREJUDGMENT REMEDY AND DISCLOSURE OF ASSETS**

## I.    INTRODUCTION

Plaintiffs respectfully submit this memorandum of law in support of their motion for prejudgment remedy and disclosure of assets against Defendants Matsu Corp d/b/a Matsu, Matsu Grill Co. LLC a/k/a Matsuri, Kimming Marty Cheng, and Ziqiao Cao a/k/a Michael Cao. These remedies are appropriate because, as discussed below, Plaintiffs can establish probable cause that they will prevail on their claims against Defendants. *See*, *e.g.*, *Morales et al v. Gourmet Heaven, Inc.*, No. 14-cv-01333 (VLB), 2015 U.S. Dist. LEXIS 100021 (D. Conn. June 23, 2015) (finding probable cause for FLSA and Connecticut wage claims); *Martinez v. Young & Son Remodeling, LLC*, No. 12-cv-01090 (WWE), 2013 U.S. Dist. LEXIS 47427 (D. Conn. Apr. 2, 2013) (same); *Roberts v. TriPlanet Partners, LLC*, No. 950 F. Supp. 2d 418 (D. Conn. 2013) (finding probable cause for state wage law violation, among other claims).

Plaintiffs worked for Defendants in their restaurants for many years and were significantly undercompensated for their work. In their case in chief, Plaintiffs intend to seek payment of unpaid minimum wages, unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys'

fees and costs.

For the purposes of this motion, Plaintiffs ask only for a prejudgment remedy in an amount equal to their unpaid minimum wages, unpaid overtime wages, and liquidated damages available for the three years preceding the filings of their respective consents to join this action, under the more generous of the applicable statutes. *See Estanislau v. Manchester Developers, LLC*, 316 F. Supp. 2d 104, 112 (D. Conn. 2004) ("To the extent that state law provides a greater remedy than the FLSA, Plaintiff would not be precluded from recovering under it."). For both Plaintiffs the three-year statute of limitations for willful violations under the FLSA, as opposed to the two-year statute of limitations under Connecticut law, yields a higher recovery. Based on available evidence, Plaintiffs estimate that these amount to a total of $87,283.35: $62,836.81 for Plaintiff Zhu and $24,446.54 for Plaintiff Yin.

As set forth below, Plaintiffs can show that they are entitled to this prejudgment remedy because there is probable cause to believe that a judgment will issue in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims, and setoffs.

Finally, Plaintiffs respectfully request that the Court enter an Order that Defendants make a full and truthful disclosure of their assets and to appear at a deposition on the subject matter of their assets so that Plaintiffs, through their counsel, can efficiently identify assets which could be attached.

**II.    STATEMENT OF FACTS**

Plaintiff Zhu filed her consent to become a party to an action under the Fair Labor Standards Act and state law on February 7, 2020. *See* Dkt. No. 8. Plaintiff Yin filed her consent on July 27, 2018. *See* Dkt. No. 32. Plaintiffs live in Queens, New York. *See* Zhu Aff. I ¶ 1; Zhu Aff. II ¶ 1; Yin Aff. I ¶ 1; Yin Aff. II ¶ 2. Plaintiff Zhu worked as a packer and Plaintiff Yin worked as a

waitress. *See* Zhu Aff. I ¶¶ 3–4; Zhu Aff. II ¶¶ 2–3; Yin Aff. I ¶¶ 3–4; Yin Aff. I ¶ 3. Defendant Cao had the power to hire and fire, supervise, discipline, and direct the work of the Plaintiffs. *See* Dkt. No. 13 ¶¶ 21–22.

Throughout the relevant period, the federal minimum wage was $7.25 per hour, and the Connecticut minimum wage was $9.60 per hour (Plaintiff Zhu, but not Plaintiff Yin, has non-time-barred claims under the Connecticut law).

From on or about November 1, 2012 through on or about December 31, 2014, Plaintiff Zhu was scheduled to work from about 10:40 through about 22:00, with one 1-hour break (10.33 hours) 4 days per week (Tuesdays, Wednesdays, Thursdays, and Sundays); from about 10:40 through about 23:00, with one 1-hour break (11.33 hours) one day per week (Fridays); and from about 11:40 through about 23:00, with one 1-hour break (10.33 hours) one day per week (Saturdays), for a total of 63 hours per week. From on or about January 1, 2015 through on or about February 29, 2016, Plaintiff Zhu had a similar schedule, except that she gained Sundays as days off but had to work on Mondays. While she was assigned 1-hour breaks, she remained on-call to work. Additionally, throughout her employment, she had to come in to work an additional 1 to 2 hours every 2 to 3 days per week, or on average 3.75 hours per week. *See* Zhu Aff. I ¶¶ 9–16; Zhu Aff. II ¶¶ 5–10. Plaintiff Zhu being on-call during her breaks, and working extra un-scheduled hours, meant that she worked about 72.75 hours per week. *See* Exhibit 6 (computation of hours); *see also Sikiotis v. Vitesse Worldwide Chaufeeured Servs.*, 147 F. Supp. 3d 39, 44–45 (D. Conn. 2015) (on-call time compensable working time).

Throughout her employment, Plaintiff Zhu was paid $2,000.00 per month in semimonthly installments of $1,000.00. *See* Zhu Aff. I ¶ 17; Zhu Aff. II ¶ 11.

Throughout her employment, Plaintiff Yin was scheduled to work from about 11:00

through about 21:30, with one 1-hour break (9.50 hours) 3 days per week (Mondays, Wednesdays, and Thursdays); from about 11:00 through about 22:00, with one 1-hour break (10.00 hours) one day per week (Fridays); every other Saturday from about 11:00 through about 21:30, with one 1-hour break (9.50 hours); every other Saturday from about 15:00 through between 21:30 and 22:00 (6.75 hours); every other Sunday from about 11:00 through about 21:30, with one 1-hour break (9.50 hours); and every other Sunday from about 15:00 through between 21:30 and 22:00 (6.75 hours). Altogether, this schedule amounted to about 54.75 hours per week. However, while she was assigned 1-hour breaks, she remained on-call to work. *See* Yin Aff. I ¶¶ 9–12; Yin Aff. II ¶ 4. She worked about 59.75 hours per week. *See* Exhibit 6 (computation of hours).

Throughout her employment, Plaintiff Yin was paid $400.00 per month in semimonthly installments of $200.00. *See* Yin Aff. I ¶ 13; Yin Aff. II ¶ 5. Plaintiff Yin received tips, about 10% of which were retained by the Defendants for use in a tip pool that included kitchen workers, among whom were owners of the restaurant. *See* Yin Aff. I ¶¶ 21, 30, 36, 43; *see also Jiang et al v. Matsu Corp. et al*, No. 17-cv-02011 (SRU) (D. Conn.). Plaintiff Yin estimates that between about $45.00 and $50.00 was retained each day. *See* Exhibit 6 (multiplying the average of 45 and 50 by 5.5 days worked per week).

### III.  LEGAL STANDARD

Rule 4(c) of the Local Rules of Civil Procedure of the District of Connecticut provides that "[i]n addition to remedies otherwise provided by federal law, a party may secure a prejudgment remedy, as permitted by, and in accordance with, the laws of the State of Connecticut." D. Conn. L. Civ. R. 4(c). Under Connecticut law, a court must grant attachment of property if, at a hearing, the court determines (i) that probable cause exists that judgment will be rendered in the matter in favor of the plaintiffs in an amount greater than or equal to the amount of the prejudgment remedy sought; (ii) that the claim is not covered by insurance; and (iii) that the property to be attached is

not exempt from execution. Conn. Gen. Stat. § 52-278d(a).

Discussing this statute, the Connecticut Supreme Court has noted that "[p]robable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." *New England Land Co., Ltd. V. DeMarkey*, 213 Conn. 612, 620 (1990). "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *TES Franchising, LLC v. Feldman*, 286 Conn. 132, 137 (2008). This does not require the same level of proof as will be necessary at trial.

> The hearing in probable cause of the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim.… The court's role in such a hearing is to determine probable success by weighing probabilities.… Moreover, this weighing process applies to both legal and factual issues.

*Bank of Boston Connecticut v. Schlesinger*, 220 Conn. 152, 156 (1991) (internal citations omitted).

As demonstrated by the facts set out in Section II above, and discussed below, the Plaintiffs' evidence is more than adequate to establish probable cause to believe they will prevail on their claims against Defendants. Plaintiffs are also able to show that the quantum of prejudgment remedy sought is reasonably related to the damages that are likely to be available to them in this case.

### IV. ARGUMENT

#### a. PLAINTIFFS ARE LIKELY TO PREVAIL ON THEIR WAGE CLAIMS

Under both the federal Fair Labor Standards Act and the Connecticut wage-and-hour statutes, an employer is required to pay one-half times the employee's regular hourly rate of pay for each hour worked in excess of forty hours in a week. 29 U.S.C. §§ 206, 207; Conn. Gen. Stat. § 31-60. The facts sworn to by the Plaintiffs show that they were paid flat daily rates that 1) amounted to less than the minimum wage under federal law and state law and 2) did not include

pay for their time worked in excess of forty hours per week. *See Estanislau*, 316 F. Supp. 2d at 108 ("There is a 'rebuttable presumption that a weekly salary covers 40 hours.'") (quoting *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999)). These pay practices violated both the FLSA and Connecticut state law. Alternatively, if the Court finds probable cause that the Defendants will be able to rebut the presumption and that it will find that Plaintiffs' flat rates compensated Plaintiffs for each hour worked per week, Plaintiffs' calculated hourly rates will still amount to less than the federal and Connecticut minimum wages, and the Plaintiffs, while receiving their straight-time regular rate for hours in excess of forty worked per week, will not have received the overtime *premium* for those hours.

### b. PLAINTIFFS ARE LIKELY TO BE GRANTED LIQUIDATED DAMAGES AND ATTORNEY FEES UNDER FEDERAL AND STATE LAW

There is probable cause that Plaintiffs will receive liquidated damages pursuant to the FLSA. Under the FLSA and Connecticut law, a plaintiff who recovers unpaid wages is also entitled to liquidated damages equal to the unpaid minimum and overtime wages, and reasonable attorney fees and costs. 29 U.S.C. § 216(b); Conn. Gen. Stat. §§ 31-68. Awards of liquidated damages are not discretionary. 29 U.S.C. § 216(b); Conn. Gen. Stat. § 31-68; *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ("[A] district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages.") To avoid an award of liquidated damages under either the FLSA or Connecticut law, an employer has the burden of showing it acted in "good faith" by taking active steps to ascertain the dictates of the law and then acting to comply with them. 29 U.S.C. § 260; Conn. Gen. Stat. §§ 31-68; *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). This burden "is a difficult one, with double damages being the norm and single damages the exception." *Herman*, 172 F.3d at 142. There is no evidence that Defendants acted in good faith. Thus, if this court finds probable cause that Plaintiffs will

recover on their federal or state wage claims, there is also probable cause that they will recover double damages.

### c. THE AMOUNT OF THE PREJUDGMENT REMEDY REQUESTED IS REASONABLE

Taking the inputs provided by Plaintiff Lu in the "Statement of Facts" section, it is easy to see that Plaintiff Zhu would be entitled in unpaid minimum wages and overtime of $31,418.41, and an equal amount in liquidated damages. Altogether, Plaintiff Zhu would have $62,836.81 in total available damages before prejudgment interest or attorney fees and costs.

Similarly, Plaintiff Yin would be entitled in unpaid minimum wages and overtime of $12,223.27, and an equal amount in liquidated damages. Altogether, Plaintiff Yin would have $24,446.54 in total available damages before prejudgment interest or attorney fees and costs.

In total, Plaintiffs ask the Court to order a prejudgment remedy in the amount of $87,283.35 against the Defendants.

## V. DISCLOSURE OF ASSETS

This Court has the authority to provide such prejudgment remedies as are available under Connecticut law. D. Conn. L. Civ. R. 4(c). Connecticut law authorizes a court to "order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. Conn. Gen. Stat. § 52-278n. The statute further provides that "[t]he form and terms of disclosure shall be determined by the court." *Id.* This Court has previously held that such a disclosure of assets may be appropriately ordered where a prejudgment remedy has been granted. *Sec. Ins. Co. v. Trustmark Ins. Co.*, No. 01-cv-02198 (PCD), 2002 U.S. Dist. LEXIS 27383, at *14–16 (D. Conn. Aug. 12, 2002). In connection to Plaintiffs' request for prejudgment remedy, Plaintiffs ask the Court to exercise its authority under Connecticut law to Order Defendants to disclose assets to satisfy the prejudgment remedy. Plaintiffs have attached hereto a proposed

Order incorporating these requests.

## VI. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their application for a prejudgment remedy and enter an Order attaching the property of Defendants in an amount equal to $87,283.35, and requiring a full disclosure of assets by Defendants.

Dated: May 5, 2020
      Flushing, NY

                                        Respectfully submitted,
                                        TROY LAW, PLLC

                                        */s/ John Troy*
                                        John Troy
                                        41-25 Kissena Boulevard
                                        Suite 103
                                        Flushing, NY 11355
                                        (718) 762-1324
                                        troylaw@troypllc.com
                                        *Attorney for Plaintiffs*