## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUI ZHEN ZHU, and<br>RONG JIAO YIN,<br>*on their own behalf and on behalf of others*<br>*similarly situated*<br><br>             Plaintiffs,<br><br>  v.<br><br>MATSU CORP d/b/a Matsu; and<br>MATSU GRILL CO. LLC, d/b/a Matsuri and;<br>KIMMING MARTY CHENG, and<br>ZIQIAO CAO a/k/a Michael Cao,<br><br>             Defendants. | 3:18-cv-203 (CSH)<br><br><br>**MARCH 31, 2022** |

### <u>OMNIBUS RULING ON PENDING MOTIONS</u>

**HAIGHT, Senior District Judge:**

Plaintiffs Gui Zhen Zhu ("Plaintiff Zhu") and Rong Jiao Yin ("Plaintiff Yin") (collectively "Plaintiffs") bring this action against four Defendants: (1) Matsu Corp., d/b/a Matsu ("Defendant Matsu Corp."); (2) Matsu Grill Co. LLC, d/b/a Matsuri ("Defendant Matsu Grill"); (3) Kimming Marty Cheng ("Defendant Cheng"); and (4) Ziqiao Cao, a/k/a Michael Cao ("Defendant Cao") (collectively "Defendants"). Currently pending before the Court are (1) Plaintiff Zhu's Motion to Certify Class under Federal Rule of Civil Procedure 23, Doc. 39; (2) Plaintiffs' Motion to Strike Defendants' Answer and Enter Default, Doc. 65; (3) Defendants' counsel's Motion to Withdraw as Attorney for Defendants, Doc. 68; and (4) Plaintiffs' Motion for Prejudgment Remedy and Disclosure of Assets, Doc. 71. This Ruling resolves all pending motions.

## I.   BACKGROUND

### A.  Summary of Parties and Allegations in Plaintiff Zhu's Complaint

Plaintiff Zhu states she worked as a packer for Defendant Matsu Corp. from "about November 1, 2012 to February 29, 2016."  Doc. 1, at ¶ 26.  Plaintiff Yin states that she worked as a waitress for Defendant Matsu Corp. "on or about July 1, 2014 to November 30, 2015."  Doc. 34-5, at ¶ 3.  Plaintiff Zhu alleged that the two corporate Defendants, Defendant Matsu Corp. and Defendant Matsu Grill, were restaurants who jointly employed Plaintiff Zhu.  Doc. 1, at ¶ 16. Plaintiff Zhu further claimed that the two individual Defendants, Defendant Cheng and Defendant Cao, were owners/operators of Defendants' restaurants and each known to Plaintiff Zhu as "Boss." Doc. 1, at ¶¶ 18, 21.  These owner/operator Defendants "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records."  *Id.*

On February 2, 2018, only Plaintiff Zhu filed a complaint ("Plaintiff Zhu's Complaint") against Defendants.  Plaintiff Zhu's Complaint alleged that Defendants had engaged in "various willful and unlawful employment policies, patterns, and/or practices," including (1) failing to pay its employees minimum wage and overtime compensation for all hours worked over forty (40) each workweek; and (2) refusing to record the time that employees worked, including work done in excess of forty (40) hours each week.  *Id.*, at ¶¶ 1-3.  Plaintiff Zhu's Complaint brought six counts: (1) violations of the overtime pay provisions of the Federal Labor Standards Act ("FLSA"); (2) violations of the minimum wage provisions of the Connecticut Minimum Wage Act ("CMWA"); (3) violations of the overtime pay provisions of the CMWA; (4) failure to provide meal periods in violation of Connecticut state law; (5) violation of record-keeping requirements under Connecticut state law; and (6) violation of paystub requirements under Connecticut state

law. *Id.*, at ¶¶ 47-80.  Plaintiff Zhu sought to recover from Defendants unpaid minimum wages,

unpaid overtime compensation, attorneys' fees and costs, and other damages. *Id.*, at ¶¶ 4-5.

Under the heading "Collective Action Allegations," Plaintiff Zhu's Complaint states:

> [Plaintiff Zhu] brings this action individually and as class representative and on behalf of all other and former non-exempt personnel who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) hours per week who elect to opt in to this action (the "Collective Action Members").

*Id.*, at ¶ 37.  Under the heading "Class Action Allegations," Plaintiff Zhu's Complaint states:

> [Plaintiff Zhu] brings her CMWA claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period") except those who elect to opt out of this action.

The Court interprets Plaintiff Zhu's "Collective Action Allegations" as applying to Plaintiff

Zhu's claims under the FLSA.  FLSA claims "may proceed only through a collective action

[pursuant to 29 U.S.C. § 216(b)], and not a class action." *Damassia v. Duane Reade, Inc.*, 250

F.R.D. 152, 161 (S.D.N.Y. 2008) (citing *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th

Cir.1975)).  Moreover, FLSA collective actions "are fundamentally different" from class actions

brought pursuant to Federal Rule of Civil Procedure 23. *Genesis Healthcare Corp. v. Symczyk*, 569

U.S. 66, 66 (2013).  Whereas in an FLSA collective action, "only plaintiffs who affirmatively opt

in can benefit from the judgment or be bound by it," in a Rule 23 class action, "potential class

members are parties to the suit unless they affirmatively opt out." *Damassia*, 250 F.R.D. at 161

(internal quotation marks omitted); *see also D'Antuono v. Service Road Corp.*, 789 F. Supp. 2d

308, 325 n.5 (D. Conn. 2011).  Furthermore, "[n]o employee shall be a party plaintiff to [an action

3

to recover damages under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

### B. Plaintiff Yin's FLSA Opt-in Notice, Plaintiff Zhu's Pending Motion for Class Certification, and Defendants' Representation by Counsel

On February 8, 2018, Plaintiff Zhu filed her notice to opt in to the FLSA collective action. *See* Doc. 8.  On March 31, 2018, Attorney Elio C.C. Morgan ("Attorney Morgan") filed a Notice of Appearance and an Answer.  The text of Attorney Morgan's Notice of Appearance suggests he appeared on behalf of three Defendants—Defendant Matsu Corp., Defendant Cheng, and Defendant Cao—and filed an Answer ("Answer") on behalf of these three Defendants.  *See* Doc. 11, at 2; Doc. 13, at 1.  However, the docket entries for Attorney Morgan's Notice of Appearance and Defendants' Answer state that they were filed on behalf of all Defendants.  *See* Dkts. 11, 13.  Moreover, in Defendants' Answer, Attorney Morgan described himself as the "Attorney for Defendants."  *See* Doc. 13, at 1.

On June 18, 2018, Attorney Anne Casey LeVasseur ("Attorney LeVasseur") appeared on behalf of all four Defendants.  *See* Doc. 21.  On June 20, 2018, Attorney Benjamin B. Xue of Xue & Associates, P.C. ("Attorney Xue") also appeared on behalf of all four Defendants.  *See* Doc. 25. On June 25, 2018, the Court granted Attorney Morgan's motion to withdraw as attorney because Defendants continued to be represented by Attorney LeVasseur and Attorney Xue.  Dkt. 27.  On July 27, 2018, Plaintiff Yin filed her notice to opt in to the FLSA collective action.  *See* Doc. 32.

On September 1, 2018, Plaintiffs filed a motion ("Plaintiffs' Motion for FLSA Collective Action") for, *inter alia*, conditional certification of an FLSA collective action pursuant to 29 U.S.C. § 216(b).  *See* Doc. 33.  Defendants filed their opposition to Plaintiffs' Motion for FLSA Collective Action on September 21, 2018.  *See* Doc. 36.  On November 30, 2018, Plaintiff Zhu filed a motion

("Plaintiff Zhu's Motion for Class Certification") for, *inter alia*, "entry of an order pursuant to Rule 23 of the Federal Rules of Civil Procedure certifying her CMWA claims as a class action."  Doc. 41, at 2; *see also* Doc. 39.  In a corresponding affidavit, Plaintiffs' counsel noted that "Plaintiff Yin is outside the limitations period for Conn. Gen. Stat. § 52-596 and does not seek to represent or join the [proposed class]."  Doc. 40, at ¶ 15.  Plaintiff Zhu's Motion for Class Certification is currently pending.

On January 21, 2019, Defendants filed their opposition to Plaintiff Zhu's Motion for Class Certification.  *See* Doc. 44.  On January 22, 2019, Plaintiffs filed a "Request that the Court Sanction Defendants under Rule 16 for Failure to Obey Scheduling Order, by Striking Defendants' Untimely Opposition" to Plaintiff Zhu's Motion for Class Certification.  *See* Doc. 45, at 1.  Plaintiffs argued that Defendants' failure to submit their opposition by the 21-day deadline set by Local Rule 7(a)(1) was "wholly of a piece with Defendants' dilatory conduct throughout this case, which has included failures to respond to interrogatories and document production requests duly served, within the time frames demanded by Rules 34 and 36 of the Federal Rules of Civil Procedure."  *Id.*, at 2.  As an explanation for why Defendants missed their deadline, Defendants' counsel, Attorney Xue, stated that he inadvertently misread Plaintiff Zhu's Motion for Class Certification as a re-filing of Plaintiffs' Motion for FLSA Collective Action.  *See* Doc. 43, at 1.  On March 29, 2019, the Court issued an Order ("March 29, 2019 Order") declining to strike Defendants' opposition but noting that "future failure to comply with the Court's deadlines will be treated more harshly."  Dkt. 47.

On May 6, 2019, Attorney Kevin J. Lennon ("Attorney Lennon") of Lennon Murphy & Phillips, LLC appeared as local counsel on behalf of all Defendants.  *See* Doc. 48; *see also* Doc. 55-1, at 2.  On November 6, 2019, Attorney Xue of Xue & Associates, P.C. and Attorney Lennon of Lennon Murphy and Phillips, LLC, sought leave to withdraw as counsel for all Defendants.  Doc.

55, at 1;.  Xue & Associates, P.C. also requested to stay this matter for thirty (30) days pending the appearance of Defendants' new counsel.  *Id*.  Attorney Xue represented there is good cause to permit the withdrawal of Attorney Lennon and Attorney Xue because Defendants failed to communicate and cooperate in defending this action, which made representing them "unreasonably difficult."  Doc. 55-1, at 3.  Attorney Xue further noted that Defendants (1) "failed to fulfill their obligations to pay the legal fees associated with this case;" and (2) "have taken affirmative steps [toward] retaining new counsel for this matter further indicating the breakdown of [Xue & Associates, P.C.'s] relationship with the Defendants."  *Id.*, at 4.  Regarding Defendants' efforts to obtain new counsel, Attorney Xue stated:

> [Xue & Associates, P.C.] has already been substituted in the two other matters in which we were representing the Defendants by Mark C. Fang, Esq. In fact, [Xue & Associates, P.C.] has already drafted a Notice of Change of Attorney for this matter and has sent it to Mr. Fang to be signed. Mr. Fang has not yet appeared and has still not signed the Notice of Change of Attorney. However, upon a recent communication with Mr. Fang, we are informed that he is not interested in taking over this case. Defendants have acknowledged in a recent phone conversation that they will retain new counsel if Fang would not take over the case.

*Id.*  Attorney Xue certified that a copy of the relevant notice of motion to withdraw as counsel, as well as all papers filed in support of this motion, were "filed electronically and served by email and FedEx on anyone unable to accept electronic filing."  Doc. 56, at 1.  Attorney Xue listed the mailing address for all Defendants as 33 Jesup Road, Westport, CT 06880.  *Id.*

On November 7, 2019, the Court issued an Order (November 7, 2019 Order Granting Withdrawal of Attorney Xue and Attorney Lennon) noting:

> [I]n light of Counsel's representations that Defendants have failed to communicate and cooperate with Counsel and pay the accrued legal fees, the Court finds that "good cause" exists for withdrawal. The Court also finds that Counsel has provided the requisite notice to Defendants. *See* Doc. [56-1]. Accordingly, this Court GRANTS

> Attorneys Benjamin Xue of Xue & Associates, P.C. and Kevin J.
> [Lennon] of Lennon Murphy & Phillips' motion to withdraw as
> Counsel and Local Counsel for Defendants in this matter. However,
> because Attorney Anne Casey LeVasseur of Wilson Elser
> Moskowitz Edelman & Dicker LLP continues to represent
> Defendants in this matter, the Court DENIES . . . [the] request to
> stay this matter for 30 days pending the appearance of Defendants'
> new counsel. Defendants' outgoing Counsel shall immediately
> deliver a copy of this Order to Defendants.

Dkt. 57.  On November 11, 2019, Attorney Xue certified that "a copy of the Electronic Order dated

November 7, 2019 was served to [each Defendant] via email on November 7, 2019 and via FedEx

on November 9, 2019."  Doc. 58, at 1.  Accordingly, on November 7, 2019, Attorney LeVasseur

became the only remaining counsel of record for Defendants.

### C.  Conditional Certification of this Case as an FLSA Collective Action

On January 2, 2020, the Court (1) granted in part and denied in part Plaintiffs' Motion for

FLSA Collective Action; and (2) evaluated Plaintiffs' proposed Notice of Pendency and Consent

to Sue Form ("Consent Form").  *See* Doc. 59, at 31.  In its Ruling ("January 2, 2020 Ruling

Conditionally Certifying FLSA Collective Action"), the Court noted that "unlike class action

certification under Rule 23, certification of a collective action under [29 U.S.C. § 216(b)] does not

actually create a class of plaintiffs but is merely a 'case management' device that facilitates notice

to other potential opt-in plaintiffs."  *Id.*, at 8 n.3 (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555

n.10 (2d Cir. 2010)).  Moreover:

> To decide whether to certify a collective action, courts in the Second
> Circuit employ a two-step method. At the first step—on a motion
> for conditional certification—the district court must determine
> whether there are any similarly situated potential plaintiffs who
> should receive notice of the pending action and have an opportunity
> to opt in. At the second step of the certification process, which
> occurs after the close of discovery, the court, on a fuller record, must
> determine whether the plaintiffs who have opted in are in fact
> similarly situated to the named plaintiffs. If the opt-in plaintiffs are
> found not to be similarly situated, the class may be de-certified and

> opt-in plaintiffs' claims may be dismissed without prejudice.  The
> instant litigation is in the first stage of the certification process . . . .

*Id.*, at 8-9 (internal quotation marks and citations omitted).

The Court began its January 2, 2020 Ruling Conditionally Certifying FLSA Collective Action by finding that "Plaintiffs, through the affidavits submitted by [Plaintiff Zhu] and [Plaintiff Yin], have made the 'modest factual showing' that there are other 'similarly situated' employees that have suffered from Defendants' 'common policy or plan' that violated the FLSA." *Id.*, at 11 (quoting *Meyers*, 624 F.3d at 555); *see also id.*, at 9 (discussing plaintiffs' minimal burden at the conditional certification stage).  Accordingly, the Court conditionally certified the FLSA collective action.  *Id.*, at 16.

Next, the Court evaluated whether Plaintiffs' proposed notice to potential opt-in plaintiffs was proper in form and substance.  *See id.* (noting that (1) district courts are encouraged to ensure that the proposed notice is timely, accurate, and informative and (2) court-facilitated notice protects plaintiffs' claims from expiring under the statute of limitations).  First, the Court held that "notice should be provided to all current and former non-exempt employees employed by Defendants at any time from February 2, 2015 and the date of this Order," January 2, 2020.[1]  *Id.*, at 21.  Second,

---

[1]     Since (1) the applicable FLSA statute of limitations period in this matter is three years and (2) the statute of limitations continues to run with respect to each potential plaintiff's claim until that plaintiff files a written consent form opting into the suit, the Court acknowledged that this notice period might result in solicitation of expired claims.  *See* Doc. 59, at 21.  In this case, the Court found that "a notice period broader than the statute of limitations is appropriate during this stage of the litigation."  *Id.*  This is because "opt-in plaintiffs with untimely claims may have colorable equitable tolling arguments."  *Id.*, at 19 (citations omitted).  These may include, *inter alia*, Defendants' failure to post workplace notices or significant delay in a district court's ruling on a conditional certification motion.  *Id.*, at 19-20.  This is also because "Defendants will have an opportunity to challenge the timeliness of each plaintiff's claims after the completion of discovery during the second phase of the collective action certification process."  *Id.*, at 21 (internal quotation marks omitted).

the Court evaluated the contents of Plaintiffs' proposed Notice of Pendency and Consent Form.  In this context, the Court noted several areas of disagreement between Plaintiffs and Defendants and stated that (1) Plaintiffs need not modify the information provided in the proposed Notice of Pendency regarding Plaintiffs' counsel's fees and costs, *id.*, at 22; (2) potential plaintiffs should be directed to send their Consent Forms to Plaintiffs' counsel, *id.*, at 24; (3) the Notice of Pendency and Consent Form should be modified to provide for a 60-day opt-in period for potential plaintiffs,[2] *id.*, at 25; and (4) Plaintiffs' request to translate and distribute the Notice of Pendency and Consent Form in Chinese and Spanish, the predominant languages of the collective class, should be granted, *id.*, at 26.   Third, the Court found that Plaintiffs should be permitted to discover the contact information of "all non-exempt employees employed by Defendants from February 2, 2015 through the present," and that Defendants should produce this information to Plaintiffs in the form of a Microsoft Excel spreadsheet ("Name List").  *Id.*, at 26-27.  Fourth, the Court held that (1) the Notice of Pendency and Consent Form should be both posted in conspicuous locations at Defendants' restaurants and sent by first class mail to employees identified in the Name List; and (2) if Defendants fail to furnish a complete Name List, Plaintiffs' may apply to the Court for permission to publish the Notice of Pendency in an English, Spanish, and Chinese language newspaper at Defendants' expense.  *Id.*, at 28-29.

Finally, the Court reserved its determination of Plaintiffs' request that the statute of limitations on the suit be tolled until the expiration of the opt-in period.  *Id.*, at 31.  Plaintiffs argued that such tolling was justified because unnecessary delays are of particular concern given that the

---

[2]    The opt-in period establishes a deadline for potential plaintiffs to return their Consent Forms. Here, a 60-day opt-in period means that a potential plaintiff would need to postmark the Consent Form within 60 days of the date that the Notices of Pendency and Consent Forms were mailed to the employees identified by Defendants in the Name List.  *See* Doc. 34-2, at 3; Doc. 59, at 28.

FLSA's limitations period continues to run on each plaintiff's claim until that plaintiff opts in. *Id.*, at 29. However, the Court found that this determination would be premature at the time of the January 2, 2020 Ruling Conditionally Certifying FLSA Collective Action. *Id.*, at 31. The Court further noted that it may evaluate the timeliness of each plaintiff's individual claims on a fuller record at the second step of the certification process. *Id.*, at 31. In sum, the Court made the following Order:

> 1. The Court ORDERS CONDITIONAL CERTIFICATION of this case as an FLSA COLLECTIVE ACTION on behalf of all current and former non-exempt employees employed by Defendants at any time from February 2, 2015 to the date of this Order.

> 2. To participate in this action, current and former employees of Defendants must opt into the action in a manner consistent with this Ruling.

> 3. Defendants are ORDERED, within fifteen (15) days of this Order, to produce [the Name List,] a list of the names, addresses, compensation rates, telephone numbers, and dates of employment of all non-exempt employees employed by the Defendants from February 2, 2015 to the date of this Order in an Excel format.

> 4. Plaintiffs and Defendants are ORDERED to meet and confer on newly-revised Notice of Pendency and Consent Form that incorporate the Court's rulings above. The parties should submit [a] joint proposed Notice of Pendency and Consent Form to the Court for final approval within fifteen (15) days of this Order. The parties are also directed to attempt to agree, in mutual good faith, on conspicuous locations within Defendants' restaurants that are suitable for the posting of Notice of Pendency and Consent Form, failing which the Court will determine the locations.

*Id.*, at 31-32. Given the date of the January 2, 2020 Ruling Conditionally Certifying FLSA Collective Action, January 17, 2020 was (1) Defendants' deadline to produce the Name List; and

(2) the Parties' deadline to submit for the Court's approval a jointly revised Notice of Pendency and Consent Form.

### D.  Subsequent Case History and Additional Pending Motions

Defendants failed to produce the Name List by January 17, 2020.  Instead, on January 17, 2020, Attorney LeVasseur, the only remaining counsel of record for Defendants, moved to withdraw her appearance in this action because is no longer employed by Lennon, Murphy & Phillips, LLC, the law firm originally retained by Defendants as local counsel alongside Xue & Associates, P.C.  *See* Doc. 60, at 1.  As discussed in Section I.B *supra*, the Court terminated (1) Attorney Lennon of Lennon, Murphy & Phillips, LLC and (2) Attorney Xue of Xue & Associates, P.C. on November 7, 2019.  As Attorney LeVasseur did not file a motion to withdraw at that time, the Court expressly noted in its November 7, 2019 Order Granting Withdrawal of Attorney Xue and Attorney Lennon that "Attorney Anne Casey LeVasseur of Wilson Elser Moskowitz Edelman & Dicker LLP continues to represent Defendants in this matter."  Dkt. 57.  However, as part of her first motion to withdraw as counsel for Defendants, Attorney LeVasseur claimed she had "no dealings" with Defendants since she left Lennon, Murphy & Phillips, LLC in March 2019 and alleged that Wilson Elser Moskowitz Edelman & Dicker LLP is not involved in the instant litigation and was never retained by Defendants.  *See* Doc. 62, at 1.

In response to Attorney LeVasseur's first motion to withdraw, Plaintiffs' counsel immediately wrote to (1) request that the Court compel Defendants to produce the Name List in compliance with the Court's January 2, 2020 Ruling Conditionally Certifying FLSA Collective Action; and (2) oppose Attorney LeVasseur's motion.  *See* Doc. 61, at 1.  As the Court noted, without the benefit of the Name List, Plaintiffs cannot identify and give notice of the FLSA collective action to all potential opt-in plaintiffs.  *See* Doc. 63, at 3.  In Plaintiffs' opposition,

Plaintiffs' counsel noted that he emailed Attorney LeVasseur with a revised Notice of Pendency and Consent Form and asked for Defendants' input before the Court's January 17, 2020 deadline. *See* Doc. 61, at 1; Doc. 61-1, at 1-2.  Plaintiffs' counsel further noted that he "emailed a sample Excel template for Defendants to provide [the Name List]" in advance of the January 17, 2020 deadline.  *See* Doc. 61, at 1; Doc. 61-1, at 3-4.  Finally, Plaintiffs requested that, should the Court grant Attorney LeVasseur's first motion to withdraw, the statute of limitations be equitably tolled pending appearance of Defendants' successor counsel to avoid prejudice to potential opt-in plaintiffs and the extinguishment of their FLSA claims.  *See* Doc. 61, at 2.

On January 29, 2020, the Court denied Attorney LeVasseur's first motion to withdraw without prejudice.  In its Order (the "January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw"), the Court found:

> In the instant case, because the lead Defendants are corporate entities, they cannot proceed *pro se* but must be represented by counsel. Nevertheless, Local Rule 7(e) expressly contemplates that a motion to withdraw may be granted even "[i]n cases where the party has failed to engage other counsel" or personally appear— provided that "good cause" for withdrawal exists and counsel has given appropriate notice to the party. *See* D. Conn. L. Civ. R. 7(e). While Attorney LeVasseur has alleged that good cause for her withdrawal exists because she is no longer employed by the law firm that Defendants retained as counsel in this litigation, Attorney LeVasseur has made no showing that she gave Defendants actual notice of her intention to withdraw, such as by mailing a copy of her motion to Defendants. *Cf. Dunagain v. Bristol Hospital, Inc.*, 2018 WL 4697287, at *1 (D. Conn. Jan. 22, 2018) (counsel gave the plaintiff adequate notice of his intention to withdraw where counsel "sent the plaintiff a copy of the motion to withdraw and a notice of motion to withdraw . . . by certified mail, return receipt requested," as evidenced by counsel's court filings). Because Attorney LeVasseur has not given Defendants actual notice of her motion to withdraw, the Court cannot grant her motion at this time—especially in light of the fact that Attorney LeVasseur is Defendants' last remaining counsel of record and corporate entities may not proceed *pro se*.

Nevertheless, the Court is mindful and understanding of the fact that Attorney LeVasseur has never been personally retained by Defendants as counsel and only represented Defendants until March 2019 in her capacity as an employee of Lennon, Murphy & Phillips. Given that Attorney LeVasseur has had no contact with Defendants for almost a year and is now employed with a different law firm that has had no role in the present litigation, it would be neither reasonable nor fair to force Attorney LeVasseur to actively litigate this case on behalf of Defendants—even despite her failure to timely file a motion to withdraw. For this reason, the Court stays this action pending the filing of a notice of appearance by Defendants' successor counsel. Defendants must cause successor counsel to file a notice of appearance on or before February 28, 2020. Attorney LeVasseur may then renew her motion to withdraw her appearance, provided that she gives actual notice to Defendants of her motion to withdraw. Additionally, because Defendants, as corporate entities, would not be able to comply with the January 2, 2020 Order and produce a list containing information regarding the non-exempt employees until they are represented by successor counsel, the deadline for Defendants to do so is extended until March 13, 2020.

Doc. 63, at 4-5.  Regarding Plaintiffs' request for equitable tolling, the Court noted that "plaintiffs seeking equitable tolling must establish two elements: (1) that they have been diligent in pursuing their rights, and (2) that some extraordinary circumstance stood in their way." *Id.*, at 7 (citing, *inter alia*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In this case, the Court found that "Plaintiffs have been diligent in seeking FLSA collective action certification in order to provide prompt notice to potential opt-in plaintiffs." *Id.*  Moreover, "[p]otential opt-in plaintiffs whose FLSA claims might be rendered untimely because of the delay caused entirely by Defendants and their counsel will be prejudiced if the state of limitations is not tolled pending the appearance of Defendants' successor counsel," and Plaintiffs should not be penalized due to these delays in litigation. *Id.*, at 8.  Accordingly, the Court tolled the state of limitations in this FLSA collective action from January 29, 2020, the date of the ruling, until March 13, 2020, the date corresponding to Defendants' deadline to comply with the Court's January 2, 2020 Order. *Id.*, at 8-9.

Therefore, as of the filing of the Court's January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw, (1) the case was stayed pending appearance of Defendants' successor counsel; (2) Defendants' deadline to cause successor counsel to file an appearance was February 28, 2020; (3) Defendants' deadline to produce the Name List was March 13, 2020; and (4) the statute of limitations in the FLSA collective action was tolled from January 29, 2020 until March 13, 2020.

Defendants failed to abide by the February 28, 2020 deadline. Accordingly, in an Order dated March 2, 2020 ("March 2, 2020 Order Extending Defendants' Deadline"), the Court extended "the time within which Defendants' successor counsel must appear to and including March 13, 2020, the date by which Defendants must also produce [the Name List] mandated by the Court's January 2, 2020 Order." Doc. 64, at 1. Moreover, the Court noted:

> In the event that Defendants fail to retain successor counsel or produce an employee list on or before March 13, 2020, the Court will note Defendants' default and failure to comply with the January 2, 2020 and January 29, 2020 Orders and permit Plaintiffs to file a motion for a default judgment or seeking to hold Defendants in contempt, or for any other relief to which Plaintiffs deem they are entitled.

*Id.*, at 1-2. Defendants failed to abide by the March 13, 2020 deadline. The docket does not reflect that successor counsel has appeared on behalf of Defendants or that the owner/operator Defendants, Defendant Cheng and Defendant Cao, have filed a personal appearance.

On April 7, 2020, Plaintiffs filed a Motion to (1) strike Defendants' Answer as a sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii); and (2) enter the default of Defendants pursuant to Federal Rule of Civil Procedure 55(a). *See* Doc. 65. This motion ("Plaintiffs' Motion to Strike and Enter Default") is unopposed and currently pending. On April 21, 2020, Attorney LeVasseur filed her second motion to withdraw as counsel for Defendants in

this matter.  *See* Doc. 68.  This motion ("Attorney LeVasseur's Second Motion to Withdraw") is opposed by Plaintiffs and currently pending.  Finally, on May 5, 2020, Plaintiffs filed a motion for prejudgment remedy and disclosure of Defendants' assets.  *See* Doc. 71.  This motion ("Plaintiffs' Motion for Prejudgment Remedy and Disclosure of Assets") is unopposed and currently pending.

## II. ATTORNEY LEVASSEUR'S SECOND MOTION TO WITHDRAW, DOC. 68

Attorney LeVasseur requests that the Court (1) grant her leave to withdraw as counsel for Defendants and (2) stay the matter for thirty (30) days pending the appearance of Defendants' new counsel.  Doc. 68, at 1.

District courts have broad discretion in deciding motions for withdrawal of counsel. *See Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999)).  Here, Defendants have failed to engage other counsel. The owner/operator Defendants, Defendant Cheng and Defendant Cao, have not filed a personal appearance.  Moreover the lead Defendants, Defendant Matsu Corp. and Defendant Matsu Grill, are corporate entities and therefore cannot proceed *pro se* in federal court.  *See, e.g.*, *Sanchez v. Walentin*, 526 Fed. Appx. 49, 51 (2d Cir. 2013) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread." (citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)); *Bell v. South Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("[A] corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." (quoting *Jones*, 722 F.2d at 21).  In these circumstances:

> [W]here good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

D. Conn. L. Civ. R. 7(e); *see also* D. Conn. R. Prof. Cond. 1.16(b)(7) (permitting a lawyer to withdraw from representation where, among other reasons, "good cause for withdrawal exists").

Regarding good cause, Attorney LeVasseur emphasizes that she left Lennon Murphy & Phillips, LLC "effective March 29, 2019 and has had no involvement in this matter or with Defendants since that time." Doc. 69, at 2. In line with the Court's January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw, "it would be neither reasonable nor fair to force Attorney LeVasseur to actively litigate this case on behalf of Defendants" under these circumstances. Doc. 63, at 5. Accordingly, good cause for withdrawal exists.

The Court now considers whether Attorney LeVasseur has given appropriate notice to Defendants. The Court denied Attorney LeVasseur's first motion to withdraw because she "made no showing that she gave Defendants actual notice of her intention to withdraw, such as by mailing a copy of her motion to Defendants." *Id.*, at 4. The Court further noted that Attorney LeVasseur may file a second motion to withdraw "provided that she gives actual notice to Defendants of her motion to withdraw." *Id.*, at 5.

### A. Attorney LeVasseur Provided Appropriate Notice to Defendants

In Attorney LeVasseur's Second Motion to Withdraw, she represents that she has given actual notice by serving Defendants with a true and accurate copy of: (1) the January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw via United States Mail, Priority Mail Express overnight; (2) the March 2, 2020 Order Extending Defendants' Deadline via First Class Mail, postage prepaid; and (3) Attorney LeVasseur's Second Motion to Withdraw, along with the concurrently-filed Memorandum of Law in Support and Declaration of Anne C. LeVasseur, via Certified Mail, Return Receipt Requested. Doc. 75, at 4

Attorney LeVasseur mailed her second motion to withdraw and accompanying motion papers to 33 Jesup Road, Westport, CT 06880 on April 21, 2020.  *See* Doc. 70, at 1.  Furthermore, Attorney LeVasseur included with the present motion a photocopy of a Priority Mail Express envelope scheduled to be delivered to 33 Jesup Road, Westport, CT 06880 on February 24, 2020. *See* Doc. 69-2, at 1.  The envelope was accepted on February 22, 2020.  *Id.*  Based on this date and the envelope, the Court infers that Attorney LeVasseur mailed the January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw to 33 Jesup Road, Westport, CT 06880 on February 22, 2020.  Attorney LeVasseur represents that 33 Jesup Road, Westport, CT 06880 was the registered address on the Connecticut Secretary of State Database "for the business of Matsu Corp. and Matsu Grill Company, with Kimming M. Cheng and Marty Kimming Cheng as listed principals and agents" around the time that she mailed the relevant documents.  Doc. 75, at 6; *see also* Doc. 75-3.

The Court's January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw noted that "Defendants must cause successor counsel to file a notice of appearance on or before February 28, 2020.  Attorney LeVasseur may then renew her motion to withdraw her appearance, provided that she gives actual notice to Defendants of her motion to withdraw."  Doc. 63, at 5.  Similarly, the Court's March 2, 2020 Order Extending Defendants' Deadline stated that, if Defendants "fail to retain successor counsel . . . on or before March 13, 2020, the Court will note Defendants' default . . . and permit Plaintiffs to file a motion for default judgment."  Doc. 64, at 1-2.  Therefore, when Attorney LeVasseur mailed these Orders to Defendants, she was providing notice that "failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party."  D. Conn. L. Civ. R. 7(e).

**B.  Plaintiffs' Objections Are Without Merit**

Plaintiffs object on the grounds that Attorney LeVasseur (1) has not made a sufficient showing that Defendants *received* actual notice of her second motion to withdraw; and (2) should have made personal service upon Defendants.  Doc. 74, at 4-5.  In support of their first objection, Plaintiffs state that Defendants operated a sushi restaurant at 33 Jesup Road, Westport, CT 06880, and "from March 16, 2020 through May 20, 2020, due to the COVID-19 pandemic, restaurants in Connecticut have been subject to executive orders limiting their operations or making continued operation impossible."  *Id.*, at 5 (citing Conn. Exec. Orders 7D § 2 (Mar. 16, 2020), 7H § 1 (Mar. 20, 2020), 7X § 3 (Apr. 10, 2020)).  Plaintiffs also note that Attorney LeVasseur has "failed to provide an executed return receipt."  *Id.*

However, these speculative observations do not derail Attorney LeVasseur's Second Motion to Withdraw.  As an initial matter, although motions to withdraw are not usually granted except upon a showing that the relevant party has received actual notice of the motion, this showing is not a mandatory prerequisite for granting the motion.  The full text of Local Rule 7(e) provides:

> Withdrawals of appearances may be accomplished only upon motion, which *normally* will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party *has received actual notice* of the motion to withdraw. In cases where the party has failed to engage other counsel or file a personal appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance *after notice* to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

(emphasis added).  Here, Attorney LeVasseur provided notice to Defendants in line with the Court's directive in its January 29, 2020 Order Denying Attorney LeVasseur's First Motion to

Withdraw.  Namely, she provided notice to Defendants of her intention to withdraw "by mailing a copy of her motion to Defendants."  Doc. 63, at 4.

Moreover, Plaintiffs have not shown that Defendants failed to receive the copy of Attorney LeVasseur's Second Motion to Withdraw that was mailed on April 21, 2020.  The existence of executive orders restricting the *operation* of Defendants' restaurant does not prove that Defendants had no way of receiving mail via the address where their restaurant was located.  Also, even if Attorney LeVasseur's April 21, 2020 mailing failed of delivery, it is apparent that Defendants had notice of their need to retain replacement counsel.  Attorney LeVasseur ostensibly mailed the January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw to 33 Jesup Road, Westport, CT 06880 on February 22, 2020.  This mailing was scheduled to arrive on February 24, 2020, which is several weeks before Plaintiffs allege that COVID-19 executive orders began to limit the operation of Defendants' restaurant.  Plaintiffs do not suggest that Defendants did not receive notice of this Order, which informed Defendants of the need to "cause successor counsel to file a notice of appearance on or before February 28, 2020."  Doc. 63, at 5.  Therefore, because (1) proof that a party has *received* actual notice is not required under the circumstances present here; and (2) there is reason to believe that Defendants were on notice of the need to engage successor counsel, Plaintiffs' first objection is without substance.

Plaintiffs' second objection, that Attorney LeVasseur should have made personal service upon Defendants, is also without substance.  In support of this objection, Plaintiffs cite *Dunagain v. Bristol Hosp., Inc.*, No. 3:16CV871(RNC), 2018 WL 4697287 (D. Conn. Jan. 22, 2018).  Doc. 74, at 4.  In *Dunagain*, an attorney representing an individual plaintiff moved to withdraw.  The attorney "sent the plaintiff a copy of the motion to withdraw and a notice of motion to withdraw from representation by certified mail, return receipt requested."  *Dunagain*, 2018 WL 4697287, at

19

*1.  Magistrate Judge Martinez denied the attorney's motion without prejudice to renewal.  *Id.*
She further ordered that, if plaintiff failed to file a *pro se* appearance or appear through new counsel
by a certain date, a renewed motion to withdraw the appearance of the attorney will be granted and
the action would be subject to dismissal.  *Id.*  In her discretion, Judge Martinez directed the attorney
to "make personal service of this order on [the plaintiff] and file proof of service on the docket."
*Id.*  The plaintiff did not file a *pro se* appearance, and other counsel did not appear on her behalf.
*Id.*, at *2.  In the attorney's second motion seeking to withdraw, he "submitted proof that a marshal
served the plaintiff with the court's order . . . by leaving a copy at her home."  *Id.*  Accordingly,
the attorney's second motion to withdraw was granted.  *Id.*, at *3.

However, Magistrate Judge Martinez's determination that personal service was appropriate
in *Dunagain* does not compel the same conclusion in the case at bar.  In contrast to Judge
Martinez's order denying the attorney's first motion to withdraw, this Court's January 29, 2020
Order Denying Attorney LeVasseur's First Motion to Withdraw did *not* require that Attorney
LeVasseur effectuate personal service on Defendants.  Instead, as discussed *supra*, the Court
directed Attorney LeVasseur to give Defendants notice of her intention to withdraw, "such as by
mailing a copy of her motion to Defendants."  Doc. 63, at 4.  Indeed, requiring that Attorney
LeVasseur effectuate personal service would have been impractical in this case, given that she (1)
had never been personally retained by Defendants as counsel, and (2) had no contact with
Defendants for almost a year at the time of her first motion to withdraw.

Plaintiffs disagree on the grounds that "[p]ersonal service upon the Defendants is not
beyond [Attorney LeVasseur]."  Doc. 74, at 5.  In their opposition, Plaintiffs cite to docket entries
from January of 2018 in *Jiang v. Matsu Corp.*, No. 17-cv-02011 (SRU), a case in which Defendant
Matsu Corp., Defendant Cheng, and Defendant Cao were sued.  *Id.*  Based on these citations,

Plaintiffs conclude that "[Defendant Cao's] residence at 16 Woodhill Road, Trumbull, CT 06611, and [Defendant Cheng's] residence at 6313 Boulevard East, West New York, NY 07093, are matters of public record." *Id.* However, these addresses were apparently out of date. Attorney LeVasseur responds:

> [A] search of the Town of Trumbull's public records show that [Defendant Cao] sold this real property on or about June 29, 2018 and that this real property is no longer owned by him. *See Owner of Record for 16 Woodhill Road, Trumbull, CT obtained from Vision Government Solutions, Town of Trumbull Online Assessment Database*, attached hereto as Exhibit 2. Plaintiffs also argue that undersigned counsel should personally serve defendant [Defendant Cheng] at his residence at 6313 Boulevard East, West New York, NY 07093. It is assumed that Plaintiffs meant to refer to West New York, New Jersey and that the reference to "NY" was a typo. In any event, this address is an apartment building and undersigned counsel, who has no personal relationship with Mr. Cheng, is unable to confirm that Mr. Cheng resides at this apartment building.

Doc. 75, at 6; *see also* Doc. 75-2. Since the circumstances of this case do not obligate Attorney LeVasseur to effectuate personal service and because such an obligation would be impractical, the Court finds that Plaintiffs' second objection is an insufficient reason to deny Attorney LeVasseur's Second Motion to Withdraw.

### C. Conclusion

In sum, the Court GRANTS Attorney LeVasseur's Second Motion to Withdraw because Attorney LeVasseur followed the procedures mandated by the Local Rules and this Court's January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw. The Clerk is accordingly directed to terminate Attorney LeVasseur's appearance in this matter. However, since Defendants have had ample time to retain successor counsel, the Court DENIES Attorney LeVasseur's request to stay the matter for an additional thirty (30) days pending the appearance of Defendants' new counsel.

### III.  PLAINTIFFS' MOTION TO STRIKE AND ENTER DEFAULT, DOC. 65

In Plaintiffs' Motion to Strike and Enter Default, they move to strike Defendants' Answer as a sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii).  *See* Doc. 67, at 1.  They further ask that the Court enter the default of Defendants pursuant to Federal Rule of Civil Procedure 55(a).  *Id.*  Finally, they request that the Court deem Plaintiff Zhu's Complaint amended to include the claims of Plaintiff Yin and permit both Plaintiffs to move for default judgment.  *Id*, at 5.  This motion is unopposed.  The Court will consider each of these requests in turn.

### A.  Defendants' Answer Should Be Stricken

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).  "Grant of the motion to strike Defendants' [A]nswer places Defendants in default."  *Lemus v. Pezzementi*, No. 15CV5592 (NSR)(LMS), 2017 WL 9534744, at *5 (S.D.N.Y. Aug. 11, 2017), *report and recommendation adopted*, No. 15CV5592NSRLMS, 2017 WL 4174809 (S.D.N.Y. Sept. 19, 2017).

Defendants disobeyed the Court's: (1) January 2, 2020 Ruling Conditionally Certifying FLSA Collective Action by failing to produce the Name List and comply with the order to submit a joint proposed Notice of Pendency and Consent From to the Court by January 17, 2020; (2) January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw by failing to cause successor counsel to file a notice of appearance by February 28, 2020 and produce the Name List by March 13, 2020; and (3) March 2, 2020 Order Extending Defendants' Deadline by failing to cause successor counsel to file a notice of appearance and produce the Name List by March 13, 2020.

"[D]istrict courts possess 'wide discretion' in imposing sanctions under Rule 37." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)). Moreover, a court "considers several factors when exercising its discretion to impose sanctions, [including]: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Vijayanagar v. Krishna*, No. 3:18-CV-00553 (KAD), 2021 WL 3725992, at *5 (D. Conn. Aug. 23, 2021) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (discussing factors that "may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37")). The Court also notes that Rule 37 sanctions are appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Agiwal*, 555 F.3d at 303 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court will consider each of these factors.

### i. Defendants' Conduct was Willful

Noncompliance with discovery orders is considered willful "when the court's orders have been clear, when the party has understood them, and when the party's [noncompliance] is not due to factors beyond the party's control." *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997) (citation omitted). Here, the Court's Orders have been clear. For example, as discussed above, the Court's March 2, 2020 Order Extending Defendants' Deadline stated:

> In the event that Defendants fail to retain successor counsel or produce an employee list on or before March 13, 2020, the Court will note Defendants' default and failure to comply with the January

> 2, 2020 and January 29, 2020 Orders and permit Plaintiffs to file a motion for a default judgment or seeking to hold Defendants in contempt, or for any other relief to which Plaintiffs deem they are entitled.

Doc. 64, at 1-2.  Defendants have not indicated that they do not understand the Court's Orders.

It also does not appear that Defendants' noncompliance is due to factors beyond their control.  In this context, the Court acknowledges Attorney LeVasseur's representation that she has had "no involvement in this matter or with Defendants" since March 29, 2019.  Doc. 69, at 2.  The Court further notes that it granted Attorney Xue and Attorney Lennon's motion to withdraw as counsel for Defendants on November 7, 2019.  *See* Dkt. 57.  March 29, 2019 and November 7, 2019 predate the relevant Orders issued on January 2, 2020, January 29, 2020, and March 2, 2020.

However, as discussed in Section II *supra*, Attorney LeVasseur mailed the January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw and the March 2, 2020 Order Extending Defendants' Deadline to what was apparently Defendants' last known address: 33 Jesup Road, Westport, CT 06880.  *See* Doc. 58, at 1 (certifying service of the November 7, 2019 Order Granting Withdrawal of Attorney Xue and Attorney Lennon at this address, which was listed for each Defendant); *see also* Dkt. 57 (finding that Attorney Xue and Attorney Lennon "provided the requisite notice to Defendants" by serving each of them with a Notice of Motion to Withdraw as Counsel at this address).    Both (1) the January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw; and (2) the March 2, 2020 Order Extending Defendants' Deadline made Defendants' responsibilities and the deadlines for compliance unmistakably clear.

Finally, "Defendants have proffered no explanation" for their failure to abide by the Court's Orders, which further weighs in favor of the willfulness of their conduct. *See Fajardo v. Arise News, Inc.*, No. 15-CV-6912 (PKC), 2016 WL 2851339, at *2 (S.D.N.Y. May 13, 2016)

(finding Defendants' failure to comply with court orders willful where, *inter alia*, they "proffered no explanation" for their failures despite "express and non-technical warning[s]")

### ii.  No Lesser Sanction Would Be Efficacious

"[D]istrict courts are not required to exhaust possible lesser sanctions   before   imposing dismissal or default if such a sanction is appropriate on the overall record."  *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).  On the record in this case, the Court concludes that no lesser sanction would be efficacious because Defendants ignored the Court's express warning that it "will note Defendants' default and failure to comply with the January 2, 2020 and January 29, 2020 Orders and permit Plaintiffs to file a motion for a default judgment or seeking to hold Defendants in contempt, or for any other relief to which Plaintiffs deem they are entitled."  Doc. 64, at 1-2; *see also Fajardo*, 2016 WL 2851339, at *2 ("Because the warning of [a] potential sanction was ignored by the defendants, the Court concludes that no lesser sanction would be efficacious.").  Defendants have repeatedly failed to comply with the Court's discovery Orders and directives to obtain successor counsel.  Therefore, there is reason to believe they would likewise fail to comply with a lesser sanction.  Accordingly, the Court concludes that striking Defendants' Answer is the only efficacious solution.

### iii.  Defendants' Noncompliance Was Long-Standing

The Court has afforded Defendants multiple chances since January 2, 2020 to comply with its Order to produce the Name List, and Defendants have repeatedly failed to comply.  Moreover, following Defendants' missed deadline of February 28, 2020, the Court *sua sponte* extended the deadline by which Defendants must find substitute counsel to March 13, 2020.  Defendants, to date, have apparently failed to engage successor counsel.  The Court concludes that Defendants' noncompliance is "of a duration that weighs in favor of entering default judgment."  *Id.*, at *3.

iv.   Defendants Had Been Warned of the Consequences

As discussed *supra*, the Court's January 29, 2020 Order Denying Attorney LeVasseur's First Motion to Withdraw and the March 2, 2020 Order Extending Defendants' Deadline clearly set forth Defendants' responsibilities, the deadlines for compliance, and the consequences of noncompliance. Attorney LeVasseur mailed these Orders to what was apparently Defendants' last known address. More generally, the Court's March 29, 2019 Order declined to strike Defendants' untimely filed opposition to Plaintiff Zhu's Motion for Class Certification but explicitly noted that "future failure to comply with the Court's deadlines will be treated more harshly." Dkt. 47. Therefore, the Court determines that Defendants had sufficient warning of the consequences of noncompliance with its Orders.

In sum, because all four factors weigh in favor of striking Defendants' Answer and effectuating entry of Defendants' default, Plaintiffs' request to strike Defendants' Answer as a sanction is GRANTED.

**B.  Defendants' Default Should Be Entered**

The Court concludes that Defendants' default should be entered for several reasons. First, the Court's March 2, 2020 Order Extending Defendants' Deadline stated that, "in the event that Defendants fail to retain successor counsel or produce an employee list on or before March 13, 2020, the Court will note Defendants' default." Doc. 64, at 1. Defendants failed to abide by that deadline. Second, as discussed in Section III.A *supra*, striking Defendants' Answer places Defendants in default.[3] Finally, the corporate defendants, Defendant Matsu Corp and Defendant

---

[3]      As discussed in Section I.B *supra*, the text of Attorney Morgan's Notice of Appearance suggests that he appeared on behalf of three Defendants: Defendant Matsu Corp., Defendant Cheng, and Defendant Cao. Doc. 11, at 2. The text of Defendants' Answer states that it was filed on behalf of these same three Defendants only. Doc. 13, at 1. However, the docket entries for

Matsu Grill, are now unrepresented due to the withdrawal of Attorney LeVasseur as their counsel and their apparent failure to retain successor counsel. "It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) (internal quotation marks omitted).

For these reasons, Plaintiffs' request to enter default against the Defendants is GRANTED. The Clerk is accordingly directed to enter Defendants' default pursuant to Federal Rule of Civil Procedure 55(a).

## C.  Plaintiffs Should Be Granted Leave to File an Amended Complaint Containing the Claims of Plaintiff Yin

"It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks omitted).  However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr*., LLC, 779 F.3d 182, 188 (2d Cir. 2015).  "Rather, the court may, on

---

Attorney Morgan's Notice of Appearance and Defendants' Answer state that they were filed on behalf of all Defendants. Dkts. 11, 13. Attorney Morgan is listed as the "Attorney for Defendants" in Defendants' Answer. Doc. 13, at 1. Moreover, all subsequent attorneys to represent Defendants represented all four Defendants.  For the purposes of the present Omnibus Ruling on Pending Motions, the Court assumes that Attorney Morgan appeared on behalf of Defendant Matsu Grill and Defendant Matsu Grill answered the Complaint.  If Defendant Matsu Grill did *not* answer the Complaint, Defendant Matsu Grill has no answer to strike.  Nonetheless, Defendant Matsu Grill is in default due to its noncompliance with the Court's March 2, 2020 Order Extending Defendants' Deadline and its status as a corporate defendant which cannot proceed *pro se*.

plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* (citing *Mickalis Pawn Shop*, 645 F.3d at 137). "[T]o insure proper entry of default judgment, it is incumbent on the Court to review whether the allegations of the complaint state a legal claim." *MBC Ventures, LLC v. Miniventures of NY, Inc.*, No. 3:20-CV-762 (CSH), 2021 WL 3709808, at *3 (D. Conn. Aug. 20, 2021) (collecting cases). Here, Plaintiff Zhu and Plaintiff Yin represent that their damages are "not for a sum certain." Doc. 67, at 8. Therefore, they argue, they "should be permitted to move for default judgment . . . wherein they can 'determine the amount of damages' to the Court's satisfaction." *Id.* (citing Fed. R. Civ. P. 55(b)(2)(B)).

However, Plaintiff Yin's claims, including her claim that Defendants were her employers pursuant to the FLSA, do not appear in Plaintiff Zhu's Complaint. *See* 29 U.S.C. § 216(b) (providing that "[a]ny *employer* who violates the provisions of the [FLSA] shall be liable to the *employee or employees* affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages" (emphasis added)). As discussed in Section I *supra*, Plaintiff Zhu alone filed the initial complaint in this action on February 2, 2018 on behalf of herself and others similarly situated. Plaintiff Yin did not appear in this action until July 27, 2018, when she filed her notice of consent to become an opt-in party plaintiff to the FLSA collective action. *See* Doc. 32.

Plaintiffs represent that Plaintiff Yin has "submitted two affidavits setting forth the basis of her claims, and from which the amount of her claims can be reasonably deduced." Doc. 67, at 8. One of these affidavits (the "FLSA Collective Action Affidavit") was submitted in support of Plaintiffs' Motion for FLSA Collective Action. *See* Doc. 34-5. The other affidavit (the "CMWA Class Action Affidavit") was submitted in support of Plaintiff Zhu's Motion for Class

28

Certification, which seeks certification under Rule 23 of Plaintiff Zhu's CMWA claims as a class action. *See* Doc. 40-5. To facilitate Plaintiff Yin's inclusion in Plaintiffs' anticipated motion for default judgment, Plaintiffs ask that the Court deem Plaintiff Zhu's Complaint amended to include the claims of Plaintiff Yin set forth in these affidavits. To evaluate Plaintiffs' request, the Court begins by discussing the contents and relevant background of the FLSA Collective Action Affidavit and the CMWA Class Action Affidavit. The Court then sets forth the appropriate legal standard and applies it to reach a decision.

i. The FLSA Collective Action Affidavit

In the FLSA Collective Action Affidavit, Plaintiff Yin, being duly sworn and under penalty of perjury, alleges that she was employed by Defendant Matsu Corp. as a waitress from on or about July 1, 2014 to November 30, 2015. Doc. 34-5, at ¶ 3. She begins by laying out the specifics of her work schedule. *Id.*, at ¶¶ 9-13. She alleges that, in total, she worked "about fifty-nine (59) hours a week," and was paid a flat compensation of about $200 on a biweekly basis. *Id.*, at ¶¶ 12-13. She further states that she "was not given any paystubs for all the wages [she] received or any other documents about her wage." *Id.*, at ¶ 14. She then alleges that she "was never required to punch in and out" while she was employed by Defendants and that she was paid less than the minimum wage and did not receive overtime compensation "for all the hours worked more than the regular hours." *Id.*, at ¶¶ 15-16. Plaintiff Yin also states that she has "never seen a notification, either in the form of poster notices or other means regarding overtime [pay] and wages under the FLSA and CMWA." *Id.*, at ¶ 17. She also states that "Defendants have never provided [her] any written notice, either in English or in Chinese ([her] native language), of [her] rate of pay, employer's regular pay day, and such other information as required by the CMWA." *Id.*, at ¶ 18.

Plaintiff Yin claims that, to her knowledge, it is Defendants' policy to pay employees less than the minimum wage, and that "it is Defendants' policy to not pay at time and a half rate for all the hours worked [in excess of] ten hours a day or forty hours a week." *Id.*, at ¶¶ 20-21.  She also alleges that she "befriended" other individuals employed by Defendants "who were also not paid at least the minimum wage and overtime wage pay for all the hours worked more than ten (10) hours a day." *Id.*, at ¶ 19.  Indeed, much of Plaintiff Yin's FLSA Collective Action Affidavit discusses personal observations and conversations with other individuals employed by Defendants, including other waiters and kitchen staff.  *See id.*, at ¶¶ 22-63.

Plaintiffs used Plaintiff Yin's FLSA Collective Action Affidavit and a similar affidavit from Plaintiff Zhu as support for their argument that "they and all similarly-situated nonexempt employees employed by Defendants were subject to a common policy or plan that violated the FLSA." Doc. 35, at 11.  Accordingly, they argued the Court should conditionally certify the FLSA collective action and facilitate notice to other potential opt-in plaintiffs.  Defendants were aware of Plaintiff Yin's FLSA Collective Action Affidavit, as they discussed it length in their opposition to Plaintiffs' Motion for FLSA Collective Action.  *See, e.g.*, Doc. 36, at 8-11.  In this opposition, Defendants noted that "[t]he two named plaintiffs in this case are [Plaintiff Yin] and [Plaintiff Zhu]." *Id.*, at 8.  In support of their argument that conditional certification of an FLSA collective action was not warranted, Defendants claimed that Plaintiff Yin's allegations in the FLSA Collective Action Affidavit were bare, conclusory, and contradictory. *Id.*, at 10-11.  As discussed in Section I.C *supra*, the Court conditionally certified the FLSA collective action on January 2, 2020 because "Zhu's and Yin's allegations are sufficient to make a 'modest factual showing' that Zhu and Yin, together with other individuals employed by Defendants, were victims of a common compensation policy that violated the FLSA."  Doc. 59, at 16.

ii.   The CMWA Class Action Affidavit

In the CMWA Class Action Affidavit, Plaintiff Yin, being duly sworn and under penalty of perjury, similarly alleges that she was employed by Defendants as a waitress from about July 1, 2014 to November 30, 2015.  Doc. 40-5, at ¶ 3.  The CMWA Class Action Affidavit is shorter than the FLSA Collective Action Affidavit, and it does not discuss the details of, *inter alia*, Plaintiff Yin's particular observations about other individuals employed by Defendants.  However, Plaintiff Yin notes that she believes "there is an estimated total of more than 50 individuals who have experienced the claims stated herein."  *Id*., at ¶ 18.  Therefore, she submitted her CMWA Class Action Affidavit in support of Plaintiff Zhu's Motion for Class Certification.  *Id.*, at ¶ 19.  Unlike the FLSA Collective Action Affidavit, which briefly alludes to Defendants' violations of the FLSA and the CMWA, the CMWA Class Action Affidavit does not mention any specific law.  Moreover, Plaintiffs' counsel noted that Plaintiff Yin does not seek to represent or join Plaintiff Zhu's proposed class because she is outside the limitations period for Conn. Gen. Stat. § 52-596.  Doc. 40, at ¶ 15.

Defendants were aware of Plaintiff Yin's CMWA Class Action Affidavit, as they discussed it in their opposition to Plaintiffs' Motion for FLSA Collective Action.  *See, e.g.*, Doc. 44, at 10-11.  They argued that Plaintiff Yin "cannot be a member of the proposed class and cannot speak to the employment conditions of any proposed class members."  *Id.*, at 4.  Moreover, Defendants claimed, Plaintiff Yin "offers no evidence [of] her allegations and her statements are . . . baseless, fabricated accusations."  *Id.*  Therefore, because Defendants alleged Plaintiff Zhu and Plaintiff Yin have "no evidence," they argued that Plaintiffs have "no way of satisfying their burden" to establish by a preponderance of the evidence that each of the requirements under Rule 23 have been met.  *Id.*  Plaintiff Zhu's Motion for Class Certification is currently pending.

iii.   <u>Applicable Legal Standard</u>

"Courts have expressed concern about whether opt-in plaintiffs are entitled to default judgment based on a complaint in which they are not named, but wherein the intent to proceed as a collective action is clear." *Charvac v. M & T Project Managers of New York, Inc.*, No. 12-CV-05637 CBA RER, 2013 WL 6711485, at *3 (E.D.N.Y. Dec. 18, 2013).  "In such circumstances, courts have required the plaintiff to amend the complaint to include those individuals who have consented to join the action and to serve the amended complaint upon the defendant." *Id.*; *see also Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114, 133 (E.D.N.Y.2011) (on consideration of motions for conditional certification and default judgment, granting default judgment in favor of the named plaintiffs, but finding that "a default judgment [was] not warranted as to any potential opt-in plaintiffs who may subsequently consent to become a party to this action" since defendants must have "an opportunity to respond" to their claims); *James v. Claiborne*, No. CIV.A. 07-1570, 2009 WL 994951, at *5 (W.D. La. Apr. 13, 2009) (finding that opt-in plaintiffs were not entitled to default judgment and granting plaintiffs' leave to amend their complaint to add the individual claims of opt-in plaintiffs).

Indeed, the Federal Rules of Civil Procedure limit the kind of judgment that may be entered based on a party's default and require that a pleading adding new claims be served on a party in default.  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); Fed R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.").  Moreover, courts have found that "Section 216(b) of the FLSA operates in conjunction with Federal Rule of Civil Procedure 8, so that an individual does not become a party plaintiff in a lawsuit merely by filing a written

consent to opt in." *Claiborne*, 2009 WL 994951, at *5 (citing *Lopez v. NTI, LLC*, Civil Action No. DKC 2008–1579, 2008 WL 5120542, at *4 (D. Md. Dec. 4, 2008)); *see also Harkins v. Riverboat Servs., Inc.,* No. 99 C 123, 2002 WL32406581, at *5 (N.D. Ill. May 17, 2002). However, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

In light of the above authority, the Court finds the decision in *James v. Claiborne*, No. CIV.A. 07-1570, 2009 WL 994951 (W.D. La. Apr. 13, 2009) instructive.  In that case, only Plaintiffs James, Davis, and Ward ("Original Plaintiffs") filed the original complaint, which styled the case as an opt-in collective action under the FLSA. *Id.*, at *1. Plaintiffs McCall and Abraham ("Opt-in Plaintiffs") later consented to join the FLSA collective action. *Id.*, at *2, *3. However, the plaintiffs did not amend the original complaint to add the claims of the Opt-in Plaintiffs. *Id.*, at *4. Therefore, the defendant's answer, which was "properly stricken as a result of inaction and failure to comply" with the court's orders, responded only to the claims of the Original Plaintiffs. *Id.*, at *3

All of the plaintiffs in *Claiborne* then filed a motion for default judgment, which was pending before the court. *Id.*  The court found that, "while [Original Plaintiffs] did not file a separate motion asking the Court to conditionally certify this lawsuit as a collective action, it is clear from their [c]omplaint that they intended the [c]ourt to take that action." *Id.*, at *4. Accordingly, the court *sua sponte* certified the action as an FLSA collective action and considered the Opt-in Plaintiffs to have consented to opt in and join the collective action. *Id.*

Yet, the *Claiborne* court found that, although the Original Plaintiffs properly sought default judgment, neither of the Opt-in Plaintiffs were entitled to seek a default judgment at the time of the decision. *Id.*, at *5, *6.  The court noted that "its conditional certification of [the matter] as a

FLSA collective action does not resolve the issue of whether [Opt-in Plaintiffs] are entitled to obtain a default judgment against [the defendant]." *Id.*, at *4. Moreover:

> If [Opt-in Plaintiffs] were to be added as party plaintiffs in this matter, [plaintiffs] should have moved to amend their [c]omplaint to add the claims of these individuals. The amended complaint should have been served on [the defendant], so that she had an opportunity to respond. Because these actions were not taken . . . neither [of the Opt-in Plaintiffs] can seek a default judgment at this time.

*Id.*, at *5 (footnote omitted).  This holding aligns with the Federal Rules' (1) limitations on default judgment and (2) requirements that pleadings adding new claims be served on the defaulting party.

However, because the Federal Rules of Civil Procedure also require that leave to amend should be freely given when justice so requires, the *Claiborne* court also granted plaintiffs leave to amend their complaint to add the individual claims of the Opt-in Plaintiffs. *Id.*  The court further found that "[p]laintiffs must serve the [c]omplaint on [the defendant] in accordance with the requirements of Federal Rule of Civil Procedure 4. Once the delays for [the defendant's] answer has passed, if [the defendant] fails to answer, [Opt-in Plaintiffs] can seek . . . default judgment. *Id.*  Finally, the court noted that:

> In this instance, it is clear that [the defendant] had notice of the allegations against her, and that [Opt-in Plaintiffs] thought they had joined the lawsuit by filing their consents. By allowing [p]laintiffs leave to amend, the [c]ourt will permit [Opt-in Plaintiffs to cure certain deficiencies] of their filings and also give proper notice to [the defendant] of their individual claims.

*Id.*

### iv.   Application to the Case at Bar

Here, as in *Claiborne*, only Plaintiff Zhu filed the original complaint in this action on behalf of herself and others similarly situated.  Plaintiff Zhu's Complaint styled the case as, *inter alia*, a

collective action under the FLSA.  Plaintiff Yin later consented to join the FLSA collective action, and the Court conditionally certified this lawsuit as an FLSA collective action.  Accordingly, Plaintiff Yin has consented to opt in and join the collective action.

However, also like *Claiborne*, Plaintiffs have not moved to amend Plaintiff Zhu's Complaint to include the claims of Plaintiff Yin.  Instead, Plaintiffs now request that the Court *sua sponte* amend Plaintiff Zhu's Complaint to include Plaintiff Yin's allegations in affidavits so Plaintiff Yin can properly move for default judgment.  If the Court does this, as opposed to requiring that Plaintiffs (1) amend Plaintiff Zhu's Complaint to include Plaintiff Yin's claims and (2) serve the amended complaint on Defendants, this raises the question of whether Defendants had an adequate opportunity to respond to Plaintiff Yin's claims.  The Court addresses this question now.

Plaintiffs argue that, "where Defendants were on notice for years of the fact and substance of [Plaintiff Yin's] claims under federal and Connecticut law, and where those claims are supported by sworn testimony, the Court should deem [Plaintiff Zhu's Complaint] amended to include those claims."  Doc. 67, at 5.  The Court agrees that Defendants had notice of the allegations contained in the FLSA Collective Action Affidavit and the CMWA Class Action Affidavit.  The FLSA Collective Action Affidavit was filed on September 1, 2018, and the CMWA Class Action Affidavit was filed on November 30, 2018.  Moreover, as discussed in Sections III.C.i and III.C.ii *supra*, Defendants discussed and criticized these affidavits at length in their oppositions to Plaintiffs' Motion for FLSA Collective Action and Plaintiff Zhu's Motion for Class Certification.  Defendants also stated that "[t]he two named plaintiffs in this case are [Plaintiff Yin] and [Plaintiff Zhu]."  Doc. 36, at 8.

However, it does not follow that Defendants had an adequate opportunity to *respond* to these allegations.  Although Defendants discussed Plaintiff Yin's allegations in the context of FLSA collective action certification and class certification under Rule 23, they were not able to address the specifics of these allegations in their Answer.  Plaintiff Yin filed her notice to opt in to the FLSA collective action on July 27, 2018, which was several months after Defendants' Answer was filed on March 31, 2018.  Accordingly, Defendants' Answer only admitted, denied, and raised affirmative defenses to the claims in the original complaint: those of Plaintiff Zhu.

Moreover, Plaintiffs' filings do not clearly state the laws under which Plaintiff Yin's claims are alleged to arise.  For example, the FLSA Collective Action Affidavit suggests that Defendants violated the CMWA.  *See, e.g.*, Doc. 34-5, at ¶ 18 ("Defendants have never provided me any written notice, either in English or in Chinese (my native language), of my rate of pay, employer's regular pay day, and such other information as required by the CMWA.").  Yet, although Plaintiff Yin submitted an affidavit in support of Plaintiff Zhu's Motion for Class Certification of her CMWA claims, Plaintiffs' counsel represented that Plaintiff Yin did not seek to join the class because she fell outside the applicable statute of limitations.  Doc. 40, at ¶ 15.  Despite this representation, Plaintiffs' Motion to Strike and Enter Default states that Plaintiff Yin's claims arise "under federal and Connecticut law."  Doc. 67, at 5.  If Plaintiff Yin does not assert claims under the CMWA, it is unclear which Connecticut state laws apply to her claims.  The Court also notes that Plaintiff Zhu's Complaint states several claims styled as violations "of Connecticut General Statute."  *See* Doc. 1, at ¶¶ 67-80.  However, these claims are "brought only on behalf of [Plaintiff Zhu] and the Rule 23 Class."  *Id.*  As discussed *supra* in this section, on Plaintiffs' anticipated motion for default judgment, the Court must review "whether the allegations of the complaint"

state a legal claim.  *MBC Ventures, LLC*, 2021 WL 3709808, at *3.  Accordingly, it would be useful for Plaintiffs to clarify precisely which legal claims Plaintiff Yin asserts.

Here, because Defendants did not have an adequate opportunity to respond to Plaintiff Yin's claims, the Court cannot *sua sponte* deem Plaintiff Zhu's Complaint amended to include those claims.  Moreover, although original Plaintiff Zhu is entitled to seek default judgment, opt-in Plaintiff Yin is not entitled to seek default judgment at this time.  However, Defendants clearly "had notice of the allegations" against them and Plaintiff Yin likely "thought [she] had joined the lawsuit" by submitting her affidavits and filing her consent.  *Claiborne*, 2009 WL 994951, at *5.  Moreover, the Court's March 2, 2020 Order Extending Defendants' Deadline stated that, if Defendants "fail to retain successor counsel or produce [the Name List] on or before March 13, 2020, the Court will . . . permit Plaintiffs to file a motion for a default judgment."  Doc. 64, at 1-2.  Under these circumstances, the Court concludes that the correct course of action is to grant Plaintiffs leave to amend and require that they serve their amended complaint on Defendants.  By allowing Plaintiffs to amend Plaintiff Zhu's Complaint, the Court will permit them to (1) state more clearly the laws under which Plaintiff Yin's claims arise and (2) give Defendants an adequate opportunity to respond to Plaintiff Yin's claims.

Accordingly, Plaintiffs' request to deem Plaintiff Zhu's Complaint modified to include the claims of Plaintiff Yin and permit Plaintiffs to move for default judgment is GRANTED AS MODIFIED.  The Court GRANTS Plaintiffs leave to amend Plaintiff Zhu's Complaint to include the claims of Plaintiff Yin, which are set forth in the FLSA Collective Action Affidavit and the CMWA Class Action Affidavit.  The Court further DIRECTS Plaintiffs to serve any amended complaint on Defendants in accordance with the requirements of Federal Rule of Civil Procedure

4.[4]  Defendants will then have twenty-one (21) days after being served with the amended complaint to respond to the amended complaint.  *See* Fed R. Civ. P. 12(a)(1).  After this deadline has passed, if Defendant fails to answer, both Plaintiff Zhu and Plaintiff Yin may jointly move for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

The corresponding deadlines are as follows:

1.      Plaintiffs must file their amended complaint as a separate docket entry on or before **May 1, 2022.**  No later than this date, Plaintiffs must also file, as a separate docket entry, a certificate of service indicating that they have served Defendants with a full copy of (a) the Court's present Omnibus Ruling on Pending Motions; and (b) their amended complaint.

2.      Defendants must file any response to Plaintiffs' amended complaint no later than **twenty-one (21) days** after Plaintiffs serve their amended complaint.

3.      If Defendants fail to respond to Plaintiffs' amended complaint by this time, Plaintiff Zhu and Plaintiff Yin may jointly move for default judgment by **June 1, 2022.**  If no motion for default judgment is filed by this date, this action will be dismissed by the Clerk pursuant to Federal Rule of Civil Procedure 41(a).

---

[4]      The Court takes judicial notice that, based on a Connecticut Business Records Search dated March 31, 2022, the registered address for Defendant Matsu Corp. and Defendant Matsu Grill is 33 Jesup Road, Westport, CT 06880.  Similarly, based on representations of Defendants' former counsel, the last known address for Defendant Cheng and Defendant Cao is also 33 Jesup Road, Westport, CT 06880.  *See, e.g.*, Doc. 58, at 1 (Attorney Xue's certification of all Defendants at this address); Doc. 70, at 2 (Attorney LeVasseur's certification of service on all Defendants at this address).  Absent more up-to-date information, the Court will deem service at this address proper.

### D. Conclusion

In sum, Plaintiffs' Motion to Strike and Enter Default is GRANTED AS MODIFIED, and the Court's decision is as follows. First, Plaintiffs' request to strike Defendants' Answer as a sanction is GRANTED. Second, Plaintiffs' request to enter Defendants' default pursuant to Federal Rule of Civil Procedure 55(a) is GRANTED. Accordingly, the Clerk is directed to enter the default of all Defendants.

Third, Plaintiffs' request to deem Plaintiff Zhu's Complaint modified to include the claims of Plaintiff Yin and permit Plaintiffs to move for default judgment is GRANTED AS MODIFIED. Specifically, the Court GRANTS Plaintiffs leave to amend Plaintiff Zhu's Complaint to include the claims of Plaintiff Yin. The Court further DIRECTS Plaintiffs to file and serve any amended complaint on or before **May 1, 2022** in a manner consistent with the requirements set forth *supra* at 38. If Defendants fail to respond to Plaintiffs' amended complaint within **twenty-one (21) days** after service, Plaintiff Zhu and Plaintiff Yin may jointly move for default judgment by **June 1, 2022.** If no motion for default judgment is filed by this date, this action will be dismissed by the Clerk pursuant to Federal Rule of Civil Procedure 41(a).

## IV.    PLAINTIFFS' MOTION FOR PREJUDGMENT REMEDY AND DISCLOSURE OF ASSETS, DOC. 71

Plaintiffs make the following unopposed motion:

> Pursuant to the Local Rules of Civil Procedure of the District of Connecticut, L.R. 4(c), and pursuant to Connecticut law, Conn. Gen. Stat. §§ 52-278(a) *et seq.*, [Plaintiff Zhu] and opt-in [Plaintiff Yin] respectfully request that the Court enter an Order granting a prejudgment remedy sufficient to meet their claims under: the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-58 *et seq.*; and other

> causes of action, by attaching assets belonging to Defendants in the
> amount of $87,283.35.

Doc. 71, at 1.  "Plaintiffs also ask the Court to exercise its authority under Connecticut law, Conn.

Gen. Stat. § 52-278(n), to order Defendants to disclose assets to satisfy the prejudgment remedy."

*Id.*

Regarding Plaintiffs' request for a prejudgment remedy, Local Rule 4(c) states:

> In addition to remedies otherwise provided by federal law, a party
> may secure a pre-judgment remedy ("PJR"), as permitted by, and in
> accordance with, the law of the State of Connecticut. A signed
> complaint shall be filed before filing an application for PJR and
> proposed Order to Show Cause. A date for the hearing shall be fixed
> by the Court.

Similarly, Connecticut General Statute § 52-278d(a) provides that, prior to issuing a prejudgment

remedy, a court must hold a hearing.  That statute further notes that:

> The defendant shall have the right to appear and be heard at the
> hearing. The hearing shall be limited to a determination of (1)
> whether or not there is probable cause that a judgment in the amount
> of the prejudgment remedy sought, or in an amount greater than the
> amount of the prejudgment remedy sought, taking into account any
> defenses, counterclaims or set-offs, will be rendered in the matter in
> favor of the plaintiff, (2) whether payment of any judgment that may
> be rendered against the defendant is adequately secured by
> insurance, (3) whether the property sought to be subjected to the
> prejudgment remedy is exempt from execution, and (4) if the court
> finds that the application for the prejudgment remedy should be
> granted, whether the plaintiff should be required to post a bond to
> secure the defendant against damages that may result from the
> prejudgment remedy or whether the defendant should be allowed to
> substitute a bond for the prejudgment remedy. If the court, upon
> consideration of the facts before it and taking into account any
> defenses, counterclaims or set-offs, claims of exemption and claims
> of adequate insurance, finds that the plaintiff has shown probable
> cause that such a judgment will be rendered in the matter in the
> plaintiff's favor in the amount of the prejudgment remedy sought
> and finds that a prejudgment remedy securing the judgment should
> be granted, the prejudgment remedy applied for shall be granted as
> requested or as modified by the court.

The Court has not yet held a hearing on Plaintiffs' Motion for Prejudgment Remedy and Disclosure of Assets.

Regarding Plaintiffs' request for an order requiring Defendants to disclose assets to satisfy the prejudgment remedy, Connecticut General Statute § 52-278n(a) states that a "court may, on motion of a party, order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. The existence, location[,] and extent of the defendant's interest in such property or debts shall be subject to disclosure," and "[t]he form and terms of disclosure shall be determined by the court." Furthermore, a "court may order disclosure at any time prior to final judgment after it has determined that the party filing the motion for disclosure has, pursuant to section 52-278d . . . probable cause sufficient for the granting of a prejudgment remedy." C.G.S.A. § 52-278n(c).

In support of Plaintiffs' Motion for Prejudgment Remedy and Disclosure of Assets, they state that their proposed prejudgment remedy amount of $87,283.35 is equal to the sum of damages due to Plaintiff Zhu ($62,836.81) and Plaintiff Yin ($24,446.54). Doc. 73, at 2. Plaintiffs further represent that this amount equates to Plaintiff Zhu and Plaintiff Yin's "unpaid minimum wages, unpaid overtime wages, and liquidated damages available for the three years preceding the filings of their respective consents to join this action, under the more generous of the applicable statutes." *Id.* Plaintiffs argue that their "evidence is more than adequate to establish probable cause to believe they will prevail on their claims against Defendants." *Id.*, at 5. In this context, Plaintiffs rely on the contents of Plaintiff Yin's FLSA Collective Action Affidavit and CMWA Class Action Affidavit. *See id.*, at 2-4; 5. Plaintiffs further represent that "Plaintiff Zhu, but not Plaintiff Yin, has non-time-barred claims under the Connecticut law." *Id.*, at 3. This statement tends to

contradict the claim in Plaintiffs' Motion to Strike and Enter Default that Plaintiff Yin's claims arise "under federal *and Connecticut law*."  Doc. 67, at 5 (emphasis added).

In conjunction with Plaintiffs' Motion for Prejudgment Remedy and Disclosure of Assets, they filed, *inter alia*, (1) Plaintiff Yin's FLSA Collective Action Affidavit, Doc. 72-3; (2) Plaintiff Yin's CMWA Class Action Affidavit, Doc. 72-4; (3) an order granting prejudgment remedy in *Jiang v. Matsu Corp.*, No. 17-cv-02011 (SRU), Doc. 72-5; and (4) a calculation of damages for each of Plaintiff Zhu and Plaintiff Yin, Doc. 72-6.  In the Court's present Omnibus Ruling on Pending Motions, it declined to *sua sponte* deem Plaintiff Zhu's Complaint amended to include Plaintiff Yin's allegations in her FLSA Collective Action Affidavit and CMWA Class Action Affidavit.  *See supra* at 37.  The Court also granted Plaintiffs leave to amend Plaintiff Zhu's Complaint to include the claims of Plaintiff Yin and, in so doing, permitted Plaintiffs to state more clearly the laws under which Plaintiff Yin's claims arise.  *Id.*

In the interest of judicial efficiency, and in line with the requirement under Local Rule 4(e) that a "signed complaint shall be filed before filing an application for [prejudgment remedy]," the Court determines that Plaintiffs should file their amended complaint before the Court reviews any motion for prejudgment remedy and/or conducts the required hearing.  Moreover, the Court is mindful that it may order Defendants to disclose their assets at "any time prior to final judgment." C.G.S.A. § 52-278n(c).  Therefore, the (1) required hearing and (2) adjudication of any second motion for prejudgment remedy and disclosure of assets should occur before the decision on any forthcoming motion for default judgment.  Accordingly, Plaintiffs' Motion for Prejudgment Remedy and Disclosure of Assets is DENIED without prejudice to refiling, if Plaintiffs choose to do so, on or before **May 1, 2022**.

## V.    PLAINTIFF ZHU'S MOTION FOR CLASS CERTIFICATION, DOC. 39

Plaintiff Zhu filed her opposed Motion for Class Certification on November 30, 2018.  This motion seeks an order, *inter alia*, "(1) certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23; (2) appointing [Plaintiff Zhu] as class representative; (3) appointing Troy Law, PLLC as class counsel; [and] (4) permitting [Plaintiff Zhu] to circulate a class action notice to the class members."  Doc 39, at 1.  In a corresponding affidavit, Plaintiffs' counsel states that "[m]embership in the [proposed class] and contact information of the [proposed class] members can be ascertained from the records of the Defendants."  Doc. 40, at ¶ 4.  Plaintiff Zhu filed this motion before Defendants' failures to abide by the Court's deadlines to produce the Name List.  Plaintiff Zhu also filed this motion before Defendants' failures to obtain successor counsel by the Court's deadlines.  Finally, Plaintiff Zhu filed this motion before Plaintiffs filed their Motion to Strike and Enter Default and before the Court entered Defendants' default in the present Omnibus Ruling on Pending Motions.

In Plaintiffs' Motion for Prejudgment Remedy and Disclosure of Assets, the proposed prejudgment remedy amount accounts only for damages allegedly due to Plaintiff Zhu and Plaintiff Yin.  Doc. 73, at 2.  In Plaintiffs' Motion to Strike and Enter Default, Plaintiffs requested that the Court permit Plaintiff Zhu and Plaintiff Yin to move for default judgment after the entry of default against Defendants.  Doc. 67, at 5.  Plaintiffs did not request permission to move for default judgment on behalf of themselves and other members of any proposed class.  Plaintiffs also did not move for permission to move for default judgment on behalf of themselves and any *potential* opt-in plaintiffs in the conditionally certified FLSA collective action.  *Cf. Troncone v. Velahos*, No. CIV. 10-2961 RBK/AMD, 2011 WL 3236219, at *8, n.8 (D.N.J. July 28, 2011), *reconsidered on other grounds*, No. CIV. 10-2961 RBK/AMD, 2012 WL 3018061 (D.N.J. July 23, 2012)

("Because Plaintiff moved for default judgment on behalf of herself and other members of the proposed FLSA collective action, the Court presumes that Plaintiff seeks to vindicate the rights of all members of the collective action along with her own individual rights.").

Therefore, the Court infers that, at this time, Plaintiffs no longer seek to vindicate the rights of (1) any proposed class or (2) any *potential* opt-in members of the conditionally certified FLSA collective action.  In line with this inference, the Court granted Plaintiffs "leave to amend Plaintiff Zhu's Complaint to include the claims of Plaintiff Yin." *See supra* at 37.  Moreover, if Defendants fail to respond to any amended complaint, the Court permitted "Plaintiff Zhu and Plaintiff Yin" to "jointly move for default judgment." *See supra* at 38.

Finally, the Court notes that, if Plaintiff Zhu and Plaintiff Yin jointly move for default judgment and the Court subsequently enters default judgment only in favor of these Plaintiffs, it is unclear whether Plaintiff Zhu could continue the action as a class representative. *See Troncone*, 2011 WL 3236219, at *8, n.8 ("An entry of default judgment is a form of final relief that may trigger the mootness doctrine and bar Plaintiff from continuing as the class representative in the FLSA collective action."); *see also Ntalianas v. B & A Contracting of Landmark, Inc.*, No. CV165934ADSGRB, 2018 WL 1701960, at *5 (E.D.N.Y. Feb. 26, 2018), *report and recommendation adopted sub nom. Ntalianas v. B&A Contracting of Landmark Inc.*, No. 16CV5934ADSGRB, 2018 WL 1582294 (E.D.N.Y. Mar. 31, 2018) (same); *Noboa v. Toron Restoration Corp.*, No. 14-CV-730 ARR CLP, 2015 WL 1672815, at *5 (E.D.N.Y. Mar. 26, 2015) (same). *But see Rodriguez v. Almighty Cleaning, Inc*., 784 F.Supp.2d at 132-33 (granting plaintiffs' motion to conditionally certify a collective action and the named plaintiffs' motion for default judgment but concluding that "a default judgment is not warranted as to any potential opt-in plaintiffs who may subsequently consent to become a party to this action").  Although these

cases discuss Plaintiffs serving as class representatives in an FLSA collective action, the Court finds that their reasoning also extends to the context of a class action certified under Rule 23.

Because (1) Plaintiffs apparently only seek default judgment in favor of Plaintiff Zhu and Plaintiff Yin; and (2) an entry of default judgment is a form of final relief that may trigger the mootness doctrine and bar Plaintiff Zhu from continuing as a class representative in this action, the Court infers that Plaintiff Zhu no longer seeks to certify a class action pursuant to Rule 23. Accordingly, Plaintiff Zhu's Motion for Class Certification is DENIED AS MOOT.

## VI.    CONCLUSION

Based on the foregoing, the Court's ruling is summarized as follows.

1.    Attorney LeVasseur's Second Motion to Withdraw, Doc. 68, is GRANTED IN PART AND DENIED IN PART.  The Court GRANTS Attorney LeVasseur's motion to withdraw as counsel for Defendants.  Accordingly, the Clerk is directed to terminate Attorney LeVasseur's appearance in this matter.  However, the Court DENIES Attorney LeVasseur's request to stay the matter for an additional thirty (30) days.

2.    Plaintiffs' Motion to Strike and Enter Default, Doc. 65, is GRANTED AS MODIFIED.  First, Plaintiffs' request to strike Defendants' Answer as a sanction is GRANTED.  Second, Plaintiffs' request to enter Defendants' default pursuant to Federal Rule of Civil Procedure 55(a) is GRANTED.  Accordingly, the Clerk is directed to enter the default of all Defendants.  Third, Plaintiffs' request to deem Plaintiff Zhu's Complaint modified to include the claims of Plaintiff Yin and permit Plaintiffs to move for default judgment is GRANTED AS MODIFIED.

Specifically, the Court GRANTS Plaintiffs leave to amend Plaintiff Zhu's Complaint to include the claims of Plaintiff Yin.  The Court further DIRECTS Plaintiffs to file and serve any amended complaint on or before **May 1, 2022** in a manner consistent with the requirements set forth in the present Omnibus Ruling on Pending Motions. If Defendants fail to respond to Plaintiffs' amended complaint within **twenty-one (21) days** after service, Plaintiff Zhu and Plaintiff Yin may jointly move for default judgment by **June 1, 2022.**  If no motion for default judgment is filed by this date, this action will be dismissed by the Clerk pursuant to Federal Rule of Civil Procedure 41(a).  *See supra* at 38.

3.     Plaintiffs' Motion for Prejudgment Remedy and Disclosure of Assets, Doc. 71, is DENIED without prejudice to refiling, if Plaintiffs choose to do so, on or before **May 1, 2022.**

4.     Plaintiff Zhu's Motion for Class Certification, Doc. 39, is DENIED AS MOOT.

It is SO ORDERED.

Dated:   New Haven, Connecticut
             March 31, 2022

                                              */s/ Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge